**Robert M. KUHN, Jr., Plaintiff,**

v.

**Samuel E. WILLIAMSON, Defendant.**

No. 88–114–CIV–5.

United States District Court,
E.D. North Carolina,
Raleigh Division.

July 29, 1988.

Russell W. Roten, Logan D. Howell, Jr., Raleigh, N.C., for plaintiff.

Tyrus V. Dahl, Jr., Winston–Salem, N.C., John E. Tantum, Tantum, Hamrick & Jordan, Wendell, N.C., for defendant.

ORDER

HOWARD, District Judge.

This action is before the court on the United States Magistrate's Memorandum

and Recommendation filed on June 7, 1988 by Magistrate J. Rich Leonard. On June 14, 1988, within the ten day period set forth by Rule 72(b) of the Federal Rules of Civil Procedure, the defendant filed an objection to the Magistrate's Memorandum and Recommendation.

After independent and thorough review of those portions of the record relating to the Magistrate's memorandum, and all objections thereto, the court concludes that the recommendation is correct and in accordance with law. Accordingly, the Magistrate's recommendation is accepted and it is ordered that the "two dismissal rule" contained in Rule 41(a) of the North Carolina Rules of Civil Procedure and the Federal Rules of Civil Procedure do not bar this present action, and therefore, summary judgment is denied.

Further, this court holds this order involves a controlling question of law as to which there is substantial grounds for difference of opinion in that an immediate appeal from the order may materially advance the ultimate determination of the litigation. As such, pursuant to 28 U.S.C. § 1292(b), this court authorizes the defendant to proceed with an interlocutory appeal if he so desires.

## MEMORANDUM AND RECOMMENDATION

J. RICH LEONARD, United States Magistrate.

This action is pending on defendant's motion for summary judgment. Counsel have fully briefed and argued the motion, and it is appropriate for disposition. Resolution turns on the appropriate application of the "two dismissal rule" as applied to the unique facts herein stated.

On February 27, 1984, plaintiff broke into a doctor's office in Wendell, setting off a silent alarm. When law enforcement officers appeared, he hid in the attic. After several hours of negotiation in which the police officers involved plaintiff's minister, his employer, and two prison psychiatrists, plaintiff agreed to surrender. As his feet dropped through the crawl space from the attic, he was shot in the right foot by defendant Samuel E. Williamson of the Wendell Police Department. Plaintiff alleges that the bullet traveled the length of his foot, leaving him permanently crippled.

These straightforward facts have given rise in the past three years to three separate actions. On February 21, 1985, plaintiff filed a *pro se* complaint in this court, on court-provided forms, naming Officer Williamson and Wendell Chief of Police John Horton as defendants. The complaint asserted entitlement to relief arising only under 42 U.S.C. § 1983. On March 19, 1985 (on the same day on which court records show that an agent of defendants' was personally served on their behalf), plaintiff through counsel took a voluntary dismissal without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

The plaintiff, now with counsel, then moved to Wake County Superior Court. On the same date as the dismissal of the federal action, March 19, 1985, plaintiff initiated suit against the same two defendants as named in the federal action, and additionally, against the Town of Wendell and Ira Fuller, the Town Manager. In addition to the 1983 claim, which was included as the fifth cause of action in this complaint, plaintiff alleged four causes of action arising under state law. The first alleged that defendant Williamson's actions constituted assault and battery; the second asserted that defendant Williamson had used unnecessary and excessive force which constituted assault and battery; the third alleged that defendants Town of Wendell, Horton and Fuller were negligent in their hiring and training of Williamson; and the fifth, as aforementioned, alleged a cause of action under 42 U.S.C. § 1983.

On February 2, 1987, all parties through counsel stipulated to a voluntary dismissal without prejudice of the first, second, fourth and fifth causes of action. This left only the negligence claim against Officer Williams pending. On April 10, 1987, plaintiff filed a notice of voluntary dismissal without prejudice pursuant to Rule 41(a) of the North Carolina Rules of Civil Procedure on this remaining cause of action.

194

Plaintiff initiated his third suit in Wake County Superior Court on Feburary 2, 1988, against only Officer Williamson. The causes of action asserted therein are identical to those in the first state complaint, with the single exception that the fourth cause of action in that complaint naming the town of Wendell, Chief of Police Horton and Town Manager Fuller is deleted. Because of the pendency of a federal claim under 42 U.S.C. § 1983, defendant appropriately removed the action to this court.

Defendant contends that, on this chronology, plaintiff has run afoul of the two dismissal rule contained in Rule 41(a), of which the North Carolina and federal versions are identical. That rule provides in pertinent part:

> Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Defendant contends that the *pro se* federal action and the initial state action, both of which concluded with a voluntary dismissal without prejudice by plaintiff, trigger this rule. Plaintiff, on the other hand, contends that none of his claims have been twice dismissed. Although the *pro se* Section 1983 action was voluntarily dismissed without prejudice, the 1983 claim for relief in the second action was in fact concluded with a stipulation of dismissal without prejudice. And the negligence claim, which was concluded by a voluntary dismissal without prejudice in the second action, was not included in the first *pro se* action. Thus in plaintiff's view, he has not twice dismissed "an action based on or including the same claim" as required.

It is important to note at the outset that it is North Carolina law that we construe. Since the second dismissal took place in superior court, this third action is barred only to the extent that the courts of North Carolina would so hold. A voluntary dismissal in a United States district court, followed by a like dismissal in a state court, does not have the effect of an adjudication on the merits "unless by virtue of state law." 5 *Moore's Federal Practice* ¶ 41.04. Because the state and federal rules are identical, case law developed under the federal rule is instructive. However, reliance on North Carolina cases is appropriate to determine whether both of the prior actions were based on or included the same claim.[1]

The most helpful North Carolina decision interpreting Rule 41 is *Stanford v. Owens*, 76 N.C.App. 284, 332 S.E.2d 730, *cert. denied*, 314 N.C. 670, 336 S.E.2d 402 (1985). In that action, plaintiff sued two realtors, alleging that they had made negligent misrepresentations in connection with the sale of a restaurant site. The first action was voluntarily dismissed without prejudice, and then refiled less than a year later as permitted by N.C. Rule 41(a)(2), which provides that "a new action based on the same claim may be commenced within one year after such dismissal unless the judge shall specify in his order a shorter time." The new action included a claim for negligent misrepresentation and also a claim for fraud. The trial court dismissed the claim for fraud on the grounds that it was not included within the prior action and thus was barred by the statute of limitations. In the Court of Appeals, the plaintiff asserted that the fraud claim arose from the same facts as the negligence claim, and thus, for purposes of Rule 41, was the same claim. The Court of Appeals, disagreeing, held that the two theories, although arising from precisely the same

1. Federal law provides no clear answer whether the court in this case confronts multiple claims or a single claim based on multiple legal theories. As one commentator has noted: "There is no generally accepted test that is used to determine whether more than one claim for relief is before the court." Wright, Miller & Kane, *Federal Practice and Procedure: Civil* § 2657. One highly respected circuit judge has noted that "courts have been completely unable to settle on a single test for determining when claims are 'separate.'" *Local P-171, Amalgamated Meatcutters v. Thompson Farms Co.*, 642 F.2d 1065, 1070 (7th Cir.1981) (Wisdom, J.). Thus close attention to the particular test employed by the courts of North Carolina is critical.

**195**

facts, were separate claims for Rule 41 purposes, and affirmed the dismissal of the fraud claim. On a similar note, the North Carolina Court of Appeals has held that a suit to invalidate a corporate conveyance for noncompliance with legal formalities was not barred by an earlier unsuccessful suit based on the same facts, to invalidate the same conveyance as fraudulent, since the two were not the same claim. *Poore v. Swan Quarter Farms, Inc.*, 79 N.C.App. 286, 338 S.E.2d 817 (1986).

■ These cases suggest that the North Carolina courts would not apply Rule 41 to bar plaintiff from proceeding with this action. Instead, they would likely treat the causes of action based on 42 U.S.C. § 1983 and negligence as separate claims arising as they do under different bodies of law and calling for different elements of proof.

■ Two other considerations support this result. First, the two dismissal rule aims at protecting a defendant from the harrassment of repetitive lawsuits. In this case, the federal *pro se* action was dismissed on the same day that an agent for defendants was served with the complaint. Likely, that case ended before defendant knew of its existence. In reality, this defendant has faced only two lawsuits, the first state action and this one. Since the two dismissal rule is in derogation of previously existing right and thus is to be strictly construed, *Parrish v. Uzzell*, 41 N.C. App. 479, 255 S.E.2d 219 (1979), dismissal of the action would be inappropriate.

■ Second, defendants in the first state action stipulated to the dismissal of all claims except the negligence claim against this defendant. A stipulation of dismissal does not trigger the two dismissal rule; only a unilateral dismissal by plaintiff has this effect. Defendant could have declined to enter into the stipulation, thereby requiring plaintiff to conclude the matter in the first state action or take another voluntary dismissal, which, with regard to the Section 1983 claim, would indisputably have been the second. Defendant having consented to the dismissal of some of these claims without prejudice, it is inequitable to inter-

pret the two dismissal rule in a fashion that now bars their refiling.

For the foregoing reasons, the court concludes that the two dismissal rule does not bar this present action, and recommends that the motion for summary judgment be denied.

Entered this 7 day of June, 1988.