**Fernando CAMACHO; Luisa Camacho, Plaintiffs–Appellees,**

**v.**

**Salvatore M. MANCUSO, Detective, Montgomery County Police Department; David C. Hardy, Police Officer; Leland A. Baughman, Police Officer, Defendants–Appellants,**

**and**

**Montgomery County, State of Maryland, Defendant.**

**No. 94–2215.**

United States Court of Appeals, Fourth Circuit.

Argued March 6, 1995.

Decided May 10, 1995.

tension Act jurisdiction by finding that a FOIA request does not satisfy the notice requirement of the Extension Act.

**ARGUED:** Edward Barry Lattner, Asst. County Atty., Rockville, MD, for appellants. Anthony Douglas Martin, Martin & Cole, Mitchellville, MD, for appellees. **ON BRIEF:** Marc P. Hansen, Acting County Atty., and Linda B. Thall, Senior Asst. County Atty., Rockville, MD, for appellants.

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

Affirmed and remanded by published per curiam opinion. Judge MOTZ wrote a dissenting opinion.

## OPINION

PER CURIAM:

This interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (1988) presents a question

of first impression in this Circuit: If the parties concede that they intended to dismiss the lawsuit, does a notice of dismissal signed and filed by only one of the parties satisfy the requirements of Fed.R.Civ.P. 41(a)(1)(ii)? The district court found that defendants' signature was necessary to dismiss the action. Accordingly, it reopened the Camachos' civil rights claim even though it had lain dormant for more than two years and the statute of limitations had expired. Appellant Mancuso argues that the district court needlessly elevated form over substance. The Camachos, on the other hand, urge us to follow the plain text of Rule 41(a)(1)(ii) and hold that no voluntary dismissal may be effective unless a writing signed by both parties is filed with the court. For the reasons that follow, we affirm the district court's holding that the Camancho's 1992 notice of dismissal was ineffective and remand for further proceedings.

## I.

The facts of this case are not in dispute. On April 8, 1991, Fernando Camacho and his wife, Luisa Camacho, filed an action against Montgomery County, Maryland, and three Montgomery County police officers (defendants). The Camachos sought damages under 42 U.S.C. § 1983 (1988), as well as under several state tort theories, because of Fernando Camacho's assertedly illegal arrest and imprisonment by the county police in 1990.

On June 17, 1991, defendants answered the Camachos' complaint, and subsequently filed a motion for judgment on the pleadings. Counsel for the Camachos contacted counsel for defendants on September 17, 1991, and stated that he would file a notice voluntarily dismissing the Camachos' case against defendants. Counsel for defendants responded that he did not object to dismissal of the case. Two days later, counsel for the Camachos transmitted a facsimile of the notice of dismissal to counsel for defendants. Thereafter, on December 16, 1991, the Camachos filed a notice of dismissal with the clerk of the district court. Only counsel for

the Camachos signed the document, entitled "NOTICE OF DISMISSAL," which stated that:

> Fernando and Luisa Camacho, Plaintiffs, voluntarily disssmiss [sic] without prejudice this action as to named Defendants, Montgomery County, State of Maryland; Detective Salvatore Mancuso; PO3 David Hardy and PO3 Leland Baughman.

(J.A. 44.) [1] Defendants never filed any record of their assent to the dismissal nor did the district court express its approval of the dismissal. It was not until September 1, 1992, that the clerk of the district court officially docketed the case as "closed."

On March 22, 1993, the Camachos filed a motion to reopen or reinstate the action. However, perhaps because the case had been docketed as "closed," the motion remained pending. Almost a year later, on March 8, 1994, the district court issued an order postponing a ruling on the motion to reopen until it resolved defendants' motion for partial judgment on the pleadings from 1991. On June 17, 1994, after ordering both sides to brief the motion, the district court issued a memorandum opinion, granting the Camachos' motion to reopen and defendants' motion to dismiss the state tort claims against them.

In granting the Camachos' motion, the district court concluded that the case had not been properly dismissed under Fed.R.Civ.P. 41(a). Specifically, the district court concluded that the notice was ineffective as a dismissal because it was not signed, orally stipulated to before the court by defendants, or endorsed by the court. *Camacho v. Montgomery County, Md.*, No. MJG–91–969, slip op. at 3–4 (D.Md. June 17, 1994). In addition, the court refused to treat the Camachos' notice of dismissal as a motion for dismissal without prejudice since any such motion was implicitly withdrawn by the Camachos' motion to reopen the case. *Id* at 4. Accordingly, the court ordered the clerk to reopen the case.

Realizing the unique posture of this case, the district court certified its decision for

---

1. The notice of dismissal does not, as the dissent suggests, explicitly or implicitly confirm that the parties stipulated to a dismissal and cannot be termed a "contemporaneous, timely, written notice ... evidencing the oral stipulation."

interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (1988). On September 26, 1994, a panel of this Court agreed to hear the appeal.

## II.

Our interpretation of the scope of Rule 41(a)(1)(ii) requires us to engage in *de novo* review. *Marex Titanic, Inc. v. Wrecked and Abandoned Vessel,* 2 F.3d 544, 545 (4th Cir.1993). Under the Federal Rules of Civil Procedure, there are only two ways in which a plaintiff can dismiss an action without the consent of the court. First, so long as the adverse party has not responded to a complaint with an answer or motion for summary judgment, Rule 41(a)(1)(i) allows a plaintiff to dismiss an action solely by filing a notice of dismissal with the court. Otherwise, in order to dismiss the cause of action, Rule 41(a)(1)(ii) requires a plaintiff to file with the court "a stipulation of dismissal signed by all parties who have appeared." If we were to take a purely mechanistic approach to interpreting Rule 41, our inquiry would end right here. Defendants had already answered; therefore, they were required to sign and file a stipulation of dismissal to end the case. Because they failed to do so, the dismissal was ineffective.

Notwithstanding the appeal of a bright-line test, a number of courts have rejected such a rigid approach to interpreting the rules. For example, several circuits have liberally interpreted Rule 41(a)(1)(ii) to hold that, in the absence of a written stipulation signed by the parties and filed with the court, an oral stipulation *before the court* is sufficient to meet the requirements of Rule 41(a)(1)(ii). *See Broadcast Music, Inc. v. M.T.S. Enterprises, Inc.,* 811 F.2d 278, 279–80 n. 1 (5th Cir.1987) (voluntary joint oral stipulation to dismiss during trial sufficient to dismiss claims); *Eitel v. McCool,* 782 F.2d 1470, 1472 n. 3 (9th Cir.1986) (district court properly granted dismissal under 41(a)(1)(ii) after hearing oral argument during which both sides agreed to dismissal with prejudice); *Pipeliners Local Union No. 798 v. Ellerd,* 503 F.2d 1193, 1199 (10th Cir.1974) (unqualified oral stipulation of dismissal in open court "constituted a voluntary dismissal of the complaint ..., even

though no formal stipulation of dismissal was signed by all of the parties to the action as contemplated by Fed.R.Civ.P., Rule 41(a)"). The idea behind these decisions, of course, is that when a stipulation is made to the court, the presiding judge has the opportunity to ensure that both parties agreed to the dismissal as per the intent of Rule 41(a)(1)(ii).

Mancuso urges us, however, to extend Rule 41(a)(1)(ii) even further than these other courts have. He asserts that as long as the parties in the action agree to dismiss the case, the dismissal is effective when the court gets some notice, even if it is not signed by one of the parties or made before the court with the parties' express assent. Although in this case that holding would not subvert the parties' original intent, we believe that in future cases it would compromise the interests that Rule 41's procedural hurdles safeguard: the defendant's interest in the cause of action and the court's interest in judicial efficiency.

A defendant has a strong interest in the resolution of an action, especially after he has taken the time and spent the money to file a responsive pleading. Additionally, he might have raised counterclaims in the answer. In some circumstances, a defendant might want the opportunity to clear his name or remove a blemish on his reputation. Without the requirement of a mutually signed, written stipulation, Rule 41(a)(1)(ii) would become a vehicle by which a plaintiff could dismiss an action at any point without the consent of a defendant. Clearly, such a result would be in direct conflict with Rule 41(a)(1)(i), which only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment. To confirm that closing the case will not trample the interests of an unknowing defendant, the court should receive a signed notice from that defendant approving the dismissal.

Additionally, Rule 41(a)(1)(ii) protects the court's ability to manage its caseload. Although a stipulated dismissal under Rule 41(a)(1)(ii) does not require the entry of an order by the court, the requirement that a stipulation be filed in court "is not merely a technicality." *McCall–Bey v. Franzen,* 777 F.2d 1178, 1185 (7th Cir.1985). Requiring

that parties file a stipulation of dismissal with the court serves important goals of judicial and administrative efficiency. In cases where the stipulated dismissal is with prejudice, the entry of the date of the voluntary dismissal on the docket aids the application of *res judicata* should future litigation arise out of the same transaction. *Id.* at 1185. Moreover, "[i]f parties did not have to notify the court that they had ended their dispute, the court would have no idea of the size of its backlog without inquiring into the status of every inactive case." *Id.* In this case, neither the presiding district court judge nor the clerk of court had any indication that defendants wanted to dismiss the case. Because the court must protect its interests as well as those of defendants, we must conclude that Rule 41(a)(1)(ii) requires tangible confirmation of the parties' agreement to dismiss.

A number of decisions support our position. In *Morris v. City of Hobart*, 39 F.3d 1105 (10th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1960, 131 L.Ed.2d 852 (1995), the court confronted whether a document styled "Dismissal with Prejudice" was sufficient to dismiss under Rule 41(a)(1)(ii) when only the plaintiff had signed it. The court held that

> In this case, although the parties reached a settlement ..., no written stipulation of dismissal signed by all parties was ever filed.... The document that plaintiff filed on September 30, 1987—entitled "Dismissal with Prejudice"—was not a Rule 41(a)(1)(ii) stipulation because it was signed only by plaintiff. Thus, the Title VII lawsuit was not dismissed in accordance with the requirements of Rule 41(a)(1)(ii).

*Id.* at 1109. The Tenth Circuit recognized the possibility that an oral stipulation in court may be sufficient to dismiss, but rejected the argument that an unsigned notice could dismiss a case under Rule 41(a)(1)(ii).

The Fifth Circuit also has adhered to the signature requirement, although under different factual circumstances. In *Wheeler v. American Home Products Corp. (Boyle-*

*Midway Div.)*, 582 F.2d 891 (5th Cir.1977), the court allowed several intervenor-plaintiffs to join the suit after the original plaintiffs filed their action. The original plaintiffs reached a settlement with defendants, and filed a stipulation of voluntary dismissal signed by both the original plaintiffs and defendants. The district court accepted the dismissal. The Fifth Circuit reversed, noting that Rule 41(a)(1) "did not authorize dismissal as against intervenors because the stipulation (settlement agreement) was not signed by 'all parties.'" *Id.* at 896.

■ Here, even though both sides expressly agreed by telephone to dismiss this case, no such agreement was presented or consummated before the district court. As a result, the district court properly refused to treat the Camachos' notice of dismissal as an effective dismissal under Rule 41(a)(1)(ii). *See Carter v. Beverly Hills Sav. and Loan Ass'n,* 884 F.2d 1186, 1191 (9th Cir.1989) (no basis for dismissal under 41(a)(1)(ii) where "the parties did not move for or stipulate to dismissal, either orally or in writing"), *cert. denied,* 497 U.S. 1024, 110 S.Ct. 3270, 111 L.Ed.2d 780 (1990); *McCall–Bey,* 777 F.2d at 1185 ("Rule 41(a)(1)(ii) requires that the stipulation be filed in court...."); *see also Orsini v. Kugel,* 9 F.3d 1042, 1045 (2d Cir. 1993) (indicating that "[t]he plain language of [Rule 41(a)(1)(ii) ] requires that the stipulation be filed in order to effectuate a voluntary dismissal," and noting that "the court would ordinarily have no knowledge of an unfiled stipulation.").

### III.

■ For much the same reason, the district court did not abuse its discretion in refusing to recognize the notice of dismissal as a motion to dismiss under Rule 41(a)(2).[2] *Cf. Andes v. Versant Corp.,* 788 F.2d 1033, 1037 (4th Cir.1986) (applying an abuse of discretion standard for reviewing the denial of a Rule 41(a)(2) dismissal). The district court stated in its memorandum order that, perhaps as the result of a clerical error, the

---

2. Rule 41(a)(2) states, in pertinent part: "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

court was not even made aware of the notice until after the Camachos filed their motion to reopen the case. *Camacho,* slip op. at 3–4. By that time, even if the notice of dismissal originally should have been treated as a motion to dismiss, any such motion was withdrawn by implication when the motion to reopen was filed.

Defendants' assertion that they will be subjected to "extreme prejudice ... if the lower court's ruling is allowed to stand" is unavailing. *Appellant's Brief* at 12. It is true that the practical effect of our holding is to allow the Camachos to maintain an action for which the limitations period otherwise would have expired on January 10, 1993. However, as the district court noted, both sides deserve blame for failing to obtain a proper dismissal of this case under 41(a)(1)(ii). The Camachos are at fault for failing to secure defendants' signatures on their notice of dismissal. Likewise, defendants themselves failed to take any steps to ensure that their signatures appeared on the notice of dismissal or that their consent to such was placed on the record. Furthermore, contrary to defendants' assertions, both sides are equally affected by the potential prejudice of destroyed evidence and faded memories of witnesses due to the long period of time since the alleged misconduct took place. Accordingly, because there was no motion to dismiss pending before the district court, there was no basis for the court to dismiss the case under Rule 41(a)(2).

## IV.

█ It is the circumstances of this case that are unusual, not the governing law. Today we simply hold that the requirements of Rule 41(a)(1)(ii) are not met when only one party signs and files a notice of dismissal. The order of the district court reopening the case is

*AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS.*

MOTZ, Circuit Judge, dissenting:

The purpose of the requirement in Rule 41(a)(1)(ii) that the plaintiff obtain the defendant's consent to dismissal is to protect defendants from arbitrary actions by plaintiffs. In view of the fact that in this case it is uncontroverted that both the plaintiffs and the defendants agreed in 1991 that the case should and would be dismissed and that the plaintiffs filed with the court a written—albeit defective—notice so stating, I see no purpose in holding that the failure to file a proper stipulation prevented this conceded agreement from taking effect. This is so particularly in view of the fact that it is well established that court approval is not necessary in order for a Rule 41(a)(1)(ii) stipulation to be effective. For all of these reasons, I respectfully dissent.

As the majority quite correctly notes, none of the cases relied on by Mancuso is controlling in the present case because no oral stipulation was made in the presence of the district court. On the other hand, the rationale for these cases—that it elevates form over substance to refuse to honor the parties' undisputed agreement to dismiss simply because the formal requirements of the Rule have not been followed—is certainly equally applicable here. *See, e.g., Oswalt v. Scripto, Inc.,* 616 F.2d 191, 195 (5th Cir.1980) ("[t]o require the filing a formal document would be to countenance a mechanistic view of the Federal Rule of Civil Procedure and exalt form over substance").

Rule 41(a)(1) was designed to permit the plaintiff, with ease and without court intervention or approval, "to take a voluntary nonsuit and start over so long as the defendant is not hurt." *See McCall–Bey v. Franzen,* 777 F.2d 1178, 1184 (7th Cir.1985). Accordingly, the rule provides that a plaintiff can dismiss without the court's permission and without prejudice to being able to file a new suit if: (i) the defendant has not yet answered or moved for summary judgment or (ii) the defendant consents. The requirement that a defendant's consent in Rule 41(a)(1)(ii) is, as the majority recognizes, designed to protect defendants. It is not designed to provide a means for plaintiffs to avoid by a technicality the dismissal of an action which they initially brought and which they have unequivocally sought to dismiss.

It can be argued, as the majority suggests, that in order to avoid possible abuse of the

rule by a plaintiff, it is necessary to require that any oral stipulation be made in the presence of the court; otherwise, a plaintiff could, in violation of Rule 41(a)(1)(i), dismiss a case without a defendant's consent after the defendant had answered the complaint or moved for summary judgment. This may indeed provide a sound basis for requiring that an oral stipulation be made in the presence of the court in some cases, but it provides no basis for that conclusion here. This is so because here it is uncontroverted that in 1991 the plaintiffs and defendants agreed to dismiss this case. In other words, it is undisputed that in 1991 the defendants did consent, indeed that all parties stipulated to dismissal. The contemporaneous written notice of dismissal filed by the plaintiffs, evidencing this stipulation, did not comply with the strict requirements of the rule because it did not include the defendants' signatures. However, there is no evidence—indeed no claim—that this notice did not, in fact, reflect the parties' agreement that the case should be dismissed.

There are thus two critical undisputed facts here: (1) all parties did agree to dismiss the case in 1991 *and* (2) the notice contemporaneously and timely filed in court by the Camachos' counsel in 1991 accurately reflected this agreement. These facts distinguish this case from *Orsini v. Kugel,* 9 F.3d 1042, 1045 (2d Cir.1993) (parties disagreed both as to whether they had agreed to dismiss certain claims and whether the "stipulation of discontinuance" evidenced this), *Carter v. Beverly Hills Sav. & Loan Ass'n,* 884 F.2d 1186, 1191 (9th Cir.1989) (parties never orally or in writing agreed to dismissal but only to an order vacating the pretrial conference and trial dates), *cert. denied,* 497 U.S. 1024, 110 S.Ct. 3270, 111 L.Ed.2d 780 (1990), *McCall–Bey,* 777 F.2d at 1185 (notice evidencing stipulated dismissal not contemporaneously and timely filed in court and not filed until *after* court had already dismissed case without prejudice), and *Wheeler v. American Home Prods. Corp. (Boyle–Midway Div.),* 582 F.2d 891, 895 (5th Cir.1977) (not all parties agreed to dismiss suit—intervenors did not agree—and there was no notice filed with the court indicating agreement by all parties).

These facts do not, however, distinguish this case from *Morris v. City of Hobart,* 39 F.3d 1105 (10th Cir.1994), *cert. denied,* — U.S. ——, 115 S.Ct. 1960, 131 L.Ed.2d 852 (1995). There it was apparently conceded that the parties agreed to dismissal and that the plaintiff filed a document evidencing that agreement. *Id.* at 1108. Nevertheless, the Tenth Circuit held that there was no dismissal meeting the requirements of Rule 41(a)(1)(ii). *Id.* at 1109. I do not find *Morris* persuasive for two reasons. First, this holding was not critical to the ultimate decision of the *Morris* court because the court ultimately concluded that the case had been properly dismissed pursuant to Rule 41(a)(2), *i.e.,* by order of court. *Id.* at 1109. Secondly, the analysis in *Morris* is not compelling.

The *Morris* court conceded that "under certain circumstances, an oral stipulation by the parties *in court* may satisfy the requirements of Rule 41(a)(1)(ii)...." 39 F.3d at 1109 (emphasis added). But the court failed to explain why an identical oral stipulation not in the presence of the court, but accurately evidenced by a contemporaneous written notice filed with the court, should not also satisfy the requirements of the rule. It is well established that a "voluntary dismissal by stipulation is effective immediately upon filing and does not require judicial approval." 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2363, at 270–271 (2d ed. 1995). In view of this principle, it seems anomalous to hold that an oral stipulation must be made in the presence of the court in order to be effective.

Of course, if there had been an oral stipulation to dismiss *with prejudice* or there had not been a contemporaneous, timely, written notice filed with the court evidencing the oral stipulation, then there well might be sound reasons for not permitting an out-of-court oral stipulation to satisfy the requirements of the rule. *See McCall–Bey,* 777 F.2d at 1185. Here, however, the dismissal was without prejudice and there was a contemporaneous, timely, written notification to the court of the oral stipulation, *i.e.,* the court was timely told that the parties "had ended their dispute." *Id.*

On the particular facts of this case—a specific agreement by all parties to a dismissal and a contemporaneous document timely filed by the plaintiffs with the court accurately reflecting this agreement—I believe that it is unjust * to permit the plaintiffs to take advantage of their own negligence in failing to procure the defendants' signatures, and so resuscitate their lawsuit years after the plaintiffs themselves had notified the court that it had been dismissed.

Accordingly, I would reverse.

---

* It is also contrary to the spirit, if not the letter, of Local Rule 103.8b ("[i]f no paper has been filed in Court in any action for more than nine months, the Court may enter an order asking the parties to show cause why all affirmative claims for relief asserted in the action should not be dismissed. If good cause is not shown within ten days of the entry of the show cause order or such other time as may be set by the court, such claims shall be dismissed without prejudice").