Brenda Lee Robinson SMITH *v.*
Dr. Erma S. WASHINGTON

98-649                                        10 S.W.3d 877

Supreme Court of Arkansas
Opinion delivered February 24, 2000

*H. Edward Skinner & Associates, P.A.*, by: *H. Edward Skinner*, for appellant.

*Humphries & Lewis*, by: *J. Michael Lewis*, for appellee.

R AY THORNTON, Justice. Appellant Brenda Lee Robinson Smith brings this appeal of the Jefferson County Circuit Court's dismissal of her medical malpractice claim against appellee Dr. Erma S. Washington, for alleged medical negligence arising out of surgery performed on appellant while she was an inmate at the Arkansas Department of Correction. Because we have determined that the trial court erred in dismissing appellant's complaint pursuant to the two-dismissal rule of Ark. R. Civ. P. 41(a), we reverse the grant of appellee's Motion to Dismiss and return the action to the trial court for further proceedings consistent with this opinion.

Appellant filed a *pro se* complaint in federal court against appellee and the prison healthcare provider on March 12, 1993, alleging violations of the federal Civil Rights Act, 42 U.S.C. § 1983, arising from the total abdominal hysterectomy that appellee performed on appellant on June 10, 1992. Appellant alleged that her attempts to discuss her concerns with appellee had been fruitless and that she was given the "runaround" by prison officials when she complained about the uneven stitches and loss of feeling in her sagging abdomen following the surgery. Appellant sought damages for her physical and mental injuries as well as reconstructive surgery to be performed by an outside physician.

Counsel was appointed by the federal district court to represent appellant in this action, but the merits were not reached because appellant and appellee filed a joint stipulation of dismissal of the action on January 3, 1995. The document was executed by both parties pursuant to Fed. R. Civ. P. 41(a)(1) and stipulated to a dismissal without prejudice. The federal court order dismissing appellant's federal civil rights action was entered the same day.

Prior to the dismissal of her federal civil rights action, appellant had filed suit against appellee in Jefferson County Circuit Court, asserting a cause of action against the doctor for medical malpractice and failure to obtain informed consent to undergo the hysterectomy under state tort law. Specifically, appellant alleged that appellee negligently advised her that her pap smear indicated that she suffered from severe epithelial dysplasia which would develop into cancer unless she submitted to a total abdominal hysterectomy, a recommendation made notwithstanding appellant's stated desire to have more children. A second allegation charged that appellee negligently performed the hysterectomy, producing unnecessary and unsightly permanent scarring on appellant's abdomen. This complaint was filed on June 8, 1994. Although the parties conducted some discovery, this action was never set for trial. Instead, appellant filed a motion for voluntary nonsuit and an order of dismissal without prejudice was entered on June 21, 1996, dismissing appellant's complaint.

Appellant timely filed a second cause of action mirroring the allegations of medical malpractice and failure to obtain informed consent contained in her first state court action. On August 13, 1997, appellee filed a motion to dismiss on the basis of the two-

dismissal rule of Rule 41(a)(2) of the Arkansas Rules of Civil Procedure, contending that appellant's federal civil rights action under § 1983 and her first state court action against appellee for medical negligence were actions based on the same claim for purposes of the two–dismissal rule, and that, as a result, appellee's voluntary dismissal of her first state court action constituted an adjudication on the merits of her claim against appellee.

The trial court accepted appellee's contention that appellant's dismissal by stipulation of her federal court action coupled with her voluntary nonsuit of her first state court complaint triggered the two–dismissal rule, rendering her voluntary dismissal of her first state court action an adjudication on the merits, and dismissed appellant's complaint in her second state action with prejudice. Appellant brings this appeal of that decision, raising two points on appeal: that the stipulation of dismissal entered into by both parties in federal court did not constitute a dismissal by the plaintiff for purposes of the two–dismissal rule under Rule 41(a)(2); and, that appellant's federal action against appellee for violations of her civil rights under § 1983 and her state cause of action for medical negligence were not actions based upon or including the same claim for purposes of the two–dismissal rule.

■ The first issue presented by this appeal is the question whether a stipulation of dismissal executed by both the plaintiff and the defendant in a federal lawsuit, pursuant to Fed. R. Civ. P. 41(a)(1)(ii), should be treated as a dismissal by the plaintiff for purposes of applying the "adjudication on the merits" provision of the two–dismissal rule of Ark. R. Civ. P. 41(a)(2). The two–dismissal rule of Ark. R. Civ. P. 41(a)(2) provides that a voluntary dismissal under Rule 41(a)(1):

> operates as an adjudication on the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based upon or including the same claim, unless all parties agree by written stipulation that such dismissal is without prejudice.

*Id.* Here, the first dismissal stems from the parties' filing of a "stipulation of dismissal signed by all the parties who have appeared in the action," pursuant to Fed. R. Civ. P. 41(a)(1)(ii), and our analysis turns to whether the stipulation of dismissal in federal court

is a dismissal by the plaintiff for the purposes of triggering Arkansas's two-dismissal rule.

We recognize that the basic purpose behind the Rules of Civil Procedure is "to administer justice through fair trials, not through summary dismissals as necessary as they may be on occasion." *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363 (1966). The two-dismissal rule is generally considered to be in derogation of a plaintiff's previously existing right to voluntarily dismiss an action and to initiate a new action based on the same cause of action. *Kuhn v. Williamson*, 122 F.R.D. 192 (E.D.N.C. 1988). The primary purpose of the two-dismissal rule is to prevent unreasonable use of the plaintiff's unilateral rights to dismiss an action prior to the filing of the defendant's responsive pleading, and it is an exception to the general principle that a voluntary dismissal of an action does not bar a new suit based upon the same claim. *See e.g. Sutton Place Dev. Co. v. Abacus Mortgage Inv. Co.*, 826 F.2d 637 (7th Cir. 1987);*Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012 (2d. Cir. 1975). The two-dismissal rule was unique at the time it was first adopted, and its intention was to prevent delays and harassment by plaintiffs securing numerous dismissals without prejudice. 9 Wright and Miller, *Federal Practice and Procedure Civ.* § 2368 (2d. ed. 1995). But where the purpose behind the two-dismissal exception would not appear to be served by its literal application, and where that application's effect would be to close the courthouse doors to an otherwise proper litigant, a court should be most careful not to construe or apply the exception too broadly. *Poloron, supra.*

Under the facts of this case, we are presented the question whether dismissal by stipulation is a voluntary or unilateral action by the plaintiff as required by our rule to trigger the two-dismissal rule. We find instructive the interpretations of federal courts regarding dismissals by stipulations in similar cases. Based upon the similarities of our rules with the Federal Rules of Civil Procedure, we consider the interpretation of these rules by federal courts to be of significant precedential value. *Bussey v. Bank of Malvern*, 270 Ark. 37, 603 S.W.2d 426 (Ark.App. 1980).

The stipulation of dismissal filed with the federal court on January 3, 1995, read: "Pursuant to Rule 41(a)(1) of Federal Rules of Civil Procedure, the undersigned, being all parties who have appeared in this action, do hereby stipulate to the dismissal without

prejudice of Plaintiff's action against Defendant Dr. Erma S. Washington." The filing is signed by the attorney for the plaintiff and counsel for the defendant.

In *Poloron, supra,* the Second Circuit Court of Appeals noted that, given the purpose of the two-dismissal rule, to prevent an unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the filing of the defendant's responsive pleading, "the danger of such abuse diminished, however, where the first dismissal is by stipulation. A dismissal by stipulation is not a unilateral act on the part of the plaintiff but rather is a mutual agreement by all the parties ... The filing of a notice of dismissal preceded by a dismissal by stipulation knowingly consented to by all parties does not.activate the two-dismissal bar against bringing an action based on or including the same claim." *Id.*

Similarly, in *Kuhn, supra,* the district court held that a stipulation of dismissal did not trigger the two-dismissal rule because the defendant could have declined to enter into the stipulation. Where the defendant has consented to the dismissal of the claim without prejudice, "it is inequitable to interpret the two-dismissal rule in a fashion that now bars their refiling." *Id.*

Notwithstanding the interpretation given the federal rules by federal courts, appellee urges that Ark. R. Civ. P. 41 does not require the dismissal by the plaintiff to be unilateral. However, we note that our own previous interpretation of Arkansas's Rule 41(a) is consistent with the federal courts' rulings. In *Carton v. Missouri Pac. R.R.*, 295 Ark. 126, 747 S.W.2d 93 (1988), we held that, in order for a second dismissal to work as an adjudication on the merits of a plaintiff's claim, both dismissals must be on the motion of the plaintiff or Rule 41(a) is inapplicable. Notwithstanding appellee's contention that appellant's first dismissal need only be "voluntarily" entered into, and that her counsel's signature on the stipulation of dismissal filed in the federal court action "was a matter of form and served in no way to make the appellant's dismissal of the federal action anything other than 'voluntary,' " we note that the Fed. R. Civ. P. 41(a)(1)(ii) explicitly requires the signature of all parties who have appeared in the action in order to effect a dismissal by stipulation. *See also Camacho v. Mancuso*, 53 F.3d 48 (4th Cir. 1995)(court declined to accept a written stipulation of dismissal because it was not signed by both parties, because a stipulation is

only valid if both parties sign a document or appear before the court to make an oral stipulation official).

■ In the circumstances before us, we note that appellant could not unilaterally effect a dismissal by stipulation under federal court procedural rules. Because appellee must have agreed to participate in the dismissal in order to achieve it, the dismissal by stipulation was not a dismissal taken only by appellant and thus does not trigger the consequences of the two-dismissal rule. Appellee was not required to enter into the stipulation, and she received a benefit in having the federal action dismissed, relieving her of the necessity of defending the action and eliminating the potential of a finding of liability on her part under Section 1983. Where a defendant has acted in combination with the plaintiff in obtaining a joint dismissal by stipulation of a claim, and received benefit from that action, that defendant cannot assert that the plaintiff should be barred as a result of the stipulated dismissal from filing a later claim.

■ Therefore, we hold that the dismissal by stipulation entered into by the parties to conclude appellee's section 1983 action was not a dismissal by the plaintiff under Ark. R. Civ. P. 41(a)(2), and that her second filing of her state law negligence claims in the Jefferson County Circuit Court is not barred by the two-dismissal rule. Because we have determined that the dismissal by stipulation in federal court was a joint action by both parties, the two-dismissal rule is not triggered by this fact pattern, and the trial court erred in dismissing appellant's state court action on that ground. Accordingly, we reverse the grant of appellee's motion to dismiss the case and remand this cause to the trial court for further proceedings consistent with this opinion. This ruling renders unnecessary any further consideration of appellant's second point on appeal.

Reversed and remanded.