2012 Ark. App. 115

**Perry MACK, Appellant**

v.

**UNION PACIFIC RAILROAD COMPANY, Appellee.**

**No. CA 11–651.**

Court of Appeals of Arkansas.

Feb. 8, 2012.

Rehearing Denied March 14, 2012.

---

Gene E. McKissic, Pine Bluff, AR, Raymon Todd Elias, Houston, TX, for appellant.

Robert Stephen Shafer, James Carl Baker Jr. and Jamie Huffman Jones, Little Rock, AR, for appellee.

LARRY D. VAUGHT, Chief Judge.

Appellant Perry Mack brings this appeal challenging the order of the Jefferson County Circuit Court granting appellee Union Pacific Railroad Company's motion to dismiss Mack's complaint with prejudice based on Arkansas Rule of Civil Procedure 41.[1] Mack argues that the trial court

---

1. Arkansas Rule of Civil Procedure 41 provides:

(a) *Voluntary Dismissal; Effect Thereof.*

(1) Subject to the provisions of Rule 23(e) and Rule 66, an action may be dismissed without prejudice to a future action by the plaintiff before the final submission of the case to the jury, or to the court where the trial is by the court. Although such a dismissal is a matter of right, it is effective only upon entry of a court order dismissing the action.

(2) A voluntary dismissal under paragraph (1) operates as an adjudication on the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based upon or including the same claim, unless all parties agree by written stipulation that such dismissal is without prejudice.

erred in its interpretation and application of Rule 41. We affirm.

On July 9, 2008, Mack filed a complaint in the District Court of Harris County, Texas, against Union Pacific under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*, alleging that he was injured by Union Pacific's negligence while working in the course and scope of his employment. After Union Pacific filed a timely answer and the parties conducted discovery, Union Pacific filed a motion to dismiss for forum nonconveniens. Mack responded to Union Pacific's motion. Thereafter, he filed his own motion to dismiss without prejudice. Mack's motion to dismiss was granted by order of the Texas court.

On December 4, 2009, Mack refiled his cause against Union Pacific in Arkansas, in the Jefferson County Circuit Court. Union Pacific answered Mack's complaint and also moved to dismiss it, alleging that Mack's summons was defective because it stated that Union Pacific, a foreign corporation, had twenty days to answer the complaint instead of thirty. Union Pacific argued in its motion that it was entitled to a dismissal with prejudice, based on Rule 41(b) of the Arkansas Rules of Civil Procedure, due to Mack's prior voluntary dismissal of the Texas case.

At the hearing on Union Pacific's motion to dismiss, Mack argued that the two-dismissal rule of Rule 41 did not apply because the first dismissal in Texas was not taken unilaterally by Mack; rather, the dismissal was the result of a joint agreement between Mack and Union Pacific. |₃Mack contended that a strict or literal application of Rule 41 was not warranted. Union Pacific countered that Rule 41's two-dismissal language applied because there was no evidence of a joint agreement between the parties; rather, all of the evidence in the record demonstrated that the Texas dismissal was voluntarily requested and obtained by Mack.

At the conclusion of the hearing, the trial court found that Mack's summons was defective and that dismissal of Mack's complaint was appropriate under Arkansas Rule of Civil Procedure 4(i)[2] because a corrected summons was not timely served.[3] Despite the language in Rule 4(i) that a dismissal be without prejudice, the trial court dismissed Mack's complaint with prejudice. The trial court appears to have relied on Rule 41(a) to dismiss with prejudice:

> The rule is plain. It says, a voluntary dismissal operates as an adjudication on the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action

---

. . .

(b) *Involuntary Dismissal.* In any case in which there has been a failure of the plaintiff to comply with these rules or any order of court or in which there has been no action shown on the record for the past 12 months, the court shall cause notice to be mailed to the attorneys of record, and to any party not represented by an attorney, that the case will be dismissed for want of prosecution unless on a stated day application is made, upon a showing of good cause, to continue the case on the court's docket. A dismissal under this subdivision is without prejudice to a future action by the plaintiff unless the action has been previously dismissed, whether voluntari-

ly or involuntarily, in which event such dismissal operates as an adjudication on the merits.

Ark. R. Civ. P. 41(a), (b).

**2.** Rule 4(i) provides: *"Time Limit for Service.* If service of the summons is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's initiative." Ark. R. Civ. P. 4(i).

**3.** Mack does not challenge either of these findings on appeal.

based upon or including the same claim, which is the case ... unless all parties agree by written stipulation that such dismissal is without prejudice. In this case there is no written stipulation that [this case is] dismissed without prejudice. So, with the plain reading of Rule 41 ... the Court has no choice but to order that [this case is] dismissed with prejudice. And that will be the order of the Court.

An order was entered on March 15, 2011, stating that for "all of the reasons stated by the court on the record at the hearing, this case is hereby dismissed with prejudice." A week later, on March 22, 2011, the trial court entered a second order that stated "[a]fter reviewing the pleadings and upon the argument of counsel, this Court finds that Union Pacific's Motion to Dismiss is well-founded and hereby grants the motion and dismisses the Complaint with prejudice." Because the trial court's second order granted Union Pacific's motion to dismiss, it appears to have relied on Rule 41(b), not Rule 41(a), for its dismissal with prejudice. Mack timely appealed.

▮ Mack argues on appeal that the trial court erred whether it relied on either subsection (a) or (b) of Arkansas Rule of Civil Procedure 41 in dismissing his Arkansas complaint against Union Pacific with prejudice. In *Jonesboro Healthcare Center, LLC v. Eaton–Moery Environmental Services, Inc.,* 2011 Ark. 501, 385 S.W.3d 797, our supreme court was recently presented with the question of whether, under Rule 41, the trial court's dismissal, without prejudice, of a complaint for improper service was error where there had been a prior dismissal of the cause for lack of subject-matter jurisdiction. The court noted that generally, a Rule 41(b) dismissal is reviewed under the abuse of discretion standard. *Jonesboro Healthcare,* 2011 Ark. 501, at 3, 385 S.W.3d at 799 (citing *Wolford v. St. Paul Fire & Marine Ins. Co.,* 331 Ark. 426, 435, 961 S.W.2d 743,

748 (1998)). However, the supreme court held that because it was construing a court rule, the appropriate appellate review was de novo. *Id.,* 385 S.W.3d at 799 (citing *Kesai v. Almand,* 2011 Ark. 207, 382 S.W.3d 669). Accordingly, our review of the instant case is de novo.

▮ When we construe a court rule, we use the same means and canons of construction that we use to interpret statutes. *Jonesboro Healthcare,* 2011 Ark. 501, at 3, 385 S.W.3d at 799. In considering the meaning and effect of a statute or rule, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.,* 385 S.W.3d at 799. The basic rule of statutory construction to which all other interpretive guides defer is to give effect to the intent of the drafting body. *Id.,* 385 S.W.3d at 799. In ascertaining the drafter's intent, we often examine the history of the statute or rule involved, as well as the contemporaneous conditions at the time of their enactment, the consequences of interpretation, and all other matters of common knowledge within the court's jurisdiction. *Id.* at 3–4, 385 S.W.3d at 799.

▮ Mack first argues that the trial court erred in dismissing his complaint with prejudice based on Rule 41(a). Subsection (a) of Rule 41 provides that a voluntary dismissal operates as an adjudication on the merits when filed by a plaintiff who has once dismissed an action based on or including the same claim—unless all parties agree by written stipulation that such dismissal is without prejudice. Ark. R. Civ. P. 41(a)(2). Mack contends that the trial court's dismissal with prejudice based on Rule 41(a) was error because he did not unilaterally voluntarily dismiss his action in Texas. Rather, he posits that the Texas case was dismissed upon agreement by the parties; therefore, the written-stip-

ulation exception contained in Rule 41(a) should have been applied.

To the extent the trial court relied on subsection (a) of Rule 41 to dismiss Mack's complaint with prejudice, such reliance was error—but not for the reasons asserted by Mack. We hold that Rule 41(a) is inapplicable to this case because subsection (a) requires that both dismissals be made on the motion of the plaintiff. Ark. R. Civ. P. 41(a). It has been held that where one of two dismissals is on the motion of the defendant and not the plaintiff, Rule 41(a) is not applicable. *Carton v. Missouri Pac. R.R. Co.*, 295 Ark. 126, 128, 747 S.W.2d 93, 94 (1988).

In the case at bar, the second dismissal was not on Mack's motion. The record establishes that Mack did not file a motion for nonsuit in the Arkansas case. No order of nonsuit was entered by the trial court. A nonsuit is not effective upon filing; a court order is necessary to grant a nonsuit and the judgment or decree must be entered to be effective. *Blaylock v. Shearson Lehman Bros.*, 330 Ark. 620, 624, 954 S.W.2d 939, 941 (1997); Ark. R. Civ. P. 41(a)(1). Union Pacific requested the dismissal based on Mack's defective summons and his failure to timely serve a corrected summons. The trial court orally granted Union Pacific's motion to dismiss on these grounds, and the trial court's second order expressly stated that it was granting Union Pacific's motion to dismiss. Because one of the two dismissals at issue in this case was on the motion of Union Pacific, neither Rule 41(a) nor the written-stipulation exception found in Rule 41(a) apply.

While Rule 41(a) does not apply to the case at bar, we hold that Rule 41(b) is applicable. Subsection (b) provides that an involuntary dismissal, where "there has been a failure of the plaintiff to comply with these rules" (the Arkansas Rules of Civil Procedure), is without prejudice to a future action by the plaintiff unless the action has been previously dismissed, whether voluntarily or involuntarily, in which event such dismissal operates as an adjudication on the merits. Ark. R. Civ. P. 41(b). The trial court's grant of Union Pacific's motion to dismiss was an involuntary dismissal under Rule 41(b) due to Mack's failure to comply with Rule 4(i). Construing Rule 41(b) just as it reads, giving the words their ordinary and usually accepted meaning in common language, the involuntary dismissal is with prejudice because this case had been previously nonsuited by Mack in Texas. Arkansas case law supports our interpretation. *Trusclair v. McGowan Working Partners*, 2009 Ark. 203, 306 S.W.3d 428 (holding that, pursuant to Rule 41(b), the involuntary dismissal of the appellant's complaint based on a defective summons that misstated the proper time in which to respond and the failure to timely serve a corrected summons should have been with prejudice where the appellant had previously voluntarily dismissed the same case); *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003) (same); *Bakker v. Ralston*, 326 Ark. 575, 578–79, 932 S.W.2d 325, 327 (1996) (stating that "[a]ppellees' failure to [timely] serve [a]ppellant was a failure to comply with Rule 4(i), or 'a failure of the plaintiff to comply with these rules' as provided in Rule 41(b); such a failure resulted an involuntary dismissal pursuant to Rule 41(b). Because these cases had previously been dismissed, Rule 41(b) requires that the second dismissals operate as adjudications on the merits").

The facts in the instant case are very similar to those in *Trusclair, Sidney Moncrief*, and *Bakker*. Mack, like the plaintiffs in those three cases, nonsuited his first case, then refiled his second case. His second case was involuntarily dismissed because he failed to timely effectu-

ate service with a proper summons. Like the supreme court in *Trusclair, Sidney Moncrief,* and *Bakker,* we rely on Rule 41(b) and hold that the second dismissal operated as an adjudication on the merits because of Mack's prior nonsuit. Therefore, pursuant to Rule 41(b), we affirm the trial court's dismissal with prejudice of Mack's second complaint against Union Pacific.

Mack urges us to not apply Rule 41(b) based on his argument that the Texas case was not dismissed voluntarily or involuntarily. He argues that the Texas case was dismissed at the request of and as a favor to Union Pacific and that the dismissal was a joint agreement between the parties that operated as a stipulated dismissal. In support of his argument, Mack relies on *Smith v. Washington,* 340 Ark. 460, 10 S.W.3d 877 (2000). In *Smith,* the plaintiff's first complaint in federal court was dismissed after a joint stipulation of dismissal without prejudice was executed by the parties pursuant to Federal Rule of Civil Procedure 41(a)(1), and an order was entered in federal court dismissing the plaintiff's claim without prejudice. *Smith,* 340 Ark. at 462, 10 S.W.3d at 879. The plaintiff filed a second complaint in state court but voluntarily nonsuited it. *Id.,* 10 S.W.3d at 879. After the plaintiff filed a third complaint against the defendant mirroring the second complaint, the defendant moved to dismiss the cause with prejudice based on Rule 41(a). The trial court agreed and granted the motion to dismiss with prejudice. *Id.,* 10 S.W.3d at 879.

On appeal, the plaintiff argued that the joint stipulation entered into by the parties in the federal case did not constitute a voluntary dismissal for purposes of the two-dismissal rule of Rule 41(a)(2). *Id.,* 10 S.W.3d at 879. Our supreme court agreed, holding that the joint stipulation demonstrated that the plaintiff did not unilaterally dismiss her action. Rather, the dismiss-

al was by agreement by the parties. The supreme court further held that where a defendant acted in combination with the plaintiff in obtaining a joint dismissal by stipulation of a claim, and received benefit from that action, that defendant could not assert that the plaintiff should be barred as a result of the stipulated dismissal from filing a later claim. *Smith,* 340 Ark. at 466, 10 S.W.3d at 881. Therefore, the supreme court held that the dismissal by stipulation entered into by the parties to conclude the federal action was not a voluntary dismissal by the plaintiff under Rule 41(a)(2), and that the second filing of her state-law claims was not barred by the two-dismissal rule of Rule 41(a). *Id.,* 10 S.W.3d at 881.

*Smith* has no application to the case at bar. First, *Smith* was decided in the context of the written-stipulation exception found in Rule 41(a). As set forth above, Rule 41(a) does not apply in this case because that subsection requires two voluntary dismissals on the motions of the plaintiff. Here, one of the dismissals was involuntary. Second, unlike Rule 41(a), Rule 41(b) has no written-stipulation exception; therefore, the *Smith* analysis has no relevance in this context. And third, assuming arguendo that the *Smith* analysis applies to Rule 41(b), unlike the facts in *Smith,* where there was a joint stipulation signed by both parties and filed with the court, there is an absence of evidence in the record supporting Mack's argument that the dismissal in Texas was anything other than his unilateral voluntary dismissal. The pleadings demonstrate that Mack alone moved for a voluntary dismissal of his Texas case. The order of dismissal in the Texas case stated that the dismissal was based on Mack's motion. There is an absence of pleadings in the record establishing a joint agreement between Mack and Union Pacific to dismiss the Texas case. The only evidence Mack points to

for support of a joint agreement is an affidavit submitted by his attorney that on its face establishes that Mack voluntarily dismissed his Texas case to avoid having it involuntarily dismissed on Union Pacific's motion. For all of these reasons, Mack's reliance on *Smith v. Washington* is misplaced.

Therefore, we hold that the trial court did not err in dismissing Mack's complaint with prejudice under Rule 41(b) of the Arkansas Rules of Civil Procedure. Accordingly, we affirm.

Affirmed.

ABRAMSON and HOOFMAN, JJ., agree.