### Ethel M. STIVERS *v.* PACIFIC BUILDING, INC.

80-45                                                    601 S.W. 2d 822
Supreme Court of Arkansas
Opinion delivered June 23, 1980

*Dan Stripling,* for appellant.

*John Mauzy Pittman,* of *Baker & Pittman,* for appellee.

JOHN A. FOGLEMAN, Chief Justice. Appellant, Ethel M. Stivers, a resident of Iowa, entered into a contract with Bartlett Homes, Inc., to construct a dwelling house for her on

a lot she owned at Fairfield Bay in Van Buren County. Bartlett Homes purchased a modular pre-cut home from Pacific Building, Inc., who brought this action claiming a materialman's lien on appellant's lot for the purchase price. Mrs. Stivers seeks a reversal of the court's decree against her upon two grounds, i.e., that the claim was barred by the statute of limitations and the lien statute is unconstitutional. We find no merit in her contentions and affirm the judgment.

The issues as to constitutionality raised by appellant are the same ones advanced and rejected in *South Central District of the Pentecostal Church of God of America v. Bruce-Rogers Company,* 269 Ark. 130, 599 S.W. 2d 702 (1980), so we need not consider that ground further.

Appellant contends that the action was not commenced within 120 days after materials were supplied by Pacific. The suit was filed without notice of the lien having been given, so the action was barred unless it was commenced within that period. The complaint was filed on July 26, 1978. It contained an allegation that Mrs. Stivers was a resident of Van Buren County. Summons was issued on the date the complaint was filed and returned by the sheriff on July 28, 1978, with the notation "Moved out of State" in the space provided for a return. On September 13, 1978, Pacific filed in amendment to its complaint, alleging Mrs. Stivers was a non-resident of the State of Arkansas, residing at Bettendorf, Iowa, and asked that service be had upon her under Ark. Stat. Ann. § 27-2503 et seq (Repl. 1979). A summons was issued and served pursuant to that statute. This service is not questioned, except for its timeliness. Mrs. Stivers filed her answer on October 6, 1978. In it, she denied that she was, or ever had been, a resident of Arkansas, or subject to service of process in Arkansas. She admitted ownership of the property on which the lien was claimed. She denied that the action had been instituted within 120 days.

In an affidavit supporting a motion for summary judgment, she stated that she and her husband purchased property in Fairfield Bay in 1967, and visited there twice annually until his death in 1972. She stated that she visited Fairfield Bay only three times after her husband's death, and prior to

1976, but in 1976 and 1977 she visited Fairfield Bay twice each year. She stated that she visited one week in April, 1978, but did not return to Arkansas until after she was served on this action. Virgil Parks, a foreman for Bartlett Homes, who dealt with the representative of Pacific, testified that, during the course of construction after the contract was entered into, he had seen Mrs. Stivers on the premises on one occasion. The contract was entered into on April 4, 1978. He said that she was there in the latter stages of construction when the house was ready for installation of cabinets. J. L. Bartlett, who entered into the contract with Mrs. Stivers, said that she was in Arkansas discussing financing of the house in November, 1977. Mrs. Stivers executed a power of attorney in Van Buren County in October, 1977. It authorized Bartlett or Stan Hanford, of Bartlett Land & Realty Company, to secure the loan of funds necessary to complete the dwelling.

Mrs. Stivers testified that in October, 1977, she met with Bartlett at his office, selected a plan for the house and signed many papers. She said that she planned to live in the house whenever she moved to Fairfield Bay, sometime in the future. She stated that she returned to Arkansas in April, 1978, and remained for a little less than a week, during which time she visited the job site, talked to Bartlett and did various other things "like that." She said that she was not in Arkansas in July or August of 1978 and had had no plans to be in the state during that period.

Under Ark. Stat. Ann. § 27-301 (Repl. 1979), the then governing statute, an action is commenced by filing a complaint and causing a summons to be issued and placed in the hands of "the sheriff of the proper county or counties." Appellant contends that the action was not commenced by issuance of the summons to the sheriff of Van Buren County on July 26, 1978, unless Mrs. Stivers was a resident of the county or amenable to service there within 20 days after summons was handed the sheriff. We do not agree.

Appellant relies upon *Williams* v. *Edmondson,* 257 Ark. 837, 520 S.W. 260, in which we held that the proper county in a local action, as this one is, is the county in which the defendant resides or the county in which he may be served with

process. Under the facts in that case, that holding correctly defined the "proper county." Putting aside, however, any expectation that Pacific might have had that Mrs. Stivers could be served with summons in Van Buren County, or any contention that she might have had a residence there, even though'she was not domiciled in the county, the proper county under the Uniform Interstate & International Procedure Act [Ark. Stat. Ann. § 27-2501 et seq (Repl. 1979)] in a local action was Van Buren County. See *Merriott* v. *Whitsell*, 251 Ark. 1031, 476 S.W. 2d 230. The summons issued could have been served by the Sheriff of Van Buren County under Ark. Stat. Ann. § 27-2503 (Repl. 1979).

We do not consider that the fact the summons required an answer within 20 days would have prevented service under that statute. Appellant contends that the time for answer in such cases is 30 days, relying upon Ark. Stat. Ann. § 27-339 (Repl. 1979). The application of this section to "long-arm" service by the sheriff is questionable to say the least. Assuming, however, without deciding, that the summons should have required answer within 30 days under Ark. Stat. Ann. § 27-308 (Repl. 1962), this discrepancy did not render the summons fatally defective so that its issuance did not constitute the commencement of an action. A defect in a summons which does not make it void may be amended after service and the amendment will have retroactive effect. *Rhinehardt* v. *Light, Judge,* 225 Ark. 1045, 287 S.W. 2d 463; *Chicago Mill & Lumber Co.* v. *Lamb,* 174 Ark. 258, 295 S.W. 27; *Lowenstein* v. *Gaines,* 64 Ark. 499, 43 S.W. 762; *Mitchell* v. *Conley,* 13 Ark. 414; *Haines* v. *McCormick,* 5 Ark. 663. Even if defendant might have successfully moved to set aside any default judgment which might have been entered in less than 30 days, the summons was not void.

Neither failure to serve the summons nor defective service prevented commencement of the suit by issuance of the original summons. *St. Louis Ark. & Tex. Ry. Co.* v. *Shelton,* 57 Ark. 459, 21 S.W. 876; *Roach* v. *Henry,* 186 Ark. 884, 56 S.W. 2d 577. See also, *Pender* v. *McKee,* 266 Ark. 18, 582 S.W. 2d 929. The statute of limitations was tolled by issuance of the original summons, so long as appellee acted in good faith in commencing the action and was diligent in thereafter obtain-

ing service of process. *Williams* v. *Edmondson*, supra.

We cannot agree with appellant's contention the service could not have been had under § 27-2503, simply because appellee had alleged that she was a resident of Arkansas. Appellant argues that § 27-2503 only authorizes service upon a non-resident of Arkansas. That section applies when the laws of this state authorizes service outside the state. Service outside the state is authorized whenever personal jurisdiction is authorized under Ark. Stat. Ann. § 27-2502 (Repl. 1979). Under that section, an Arkansas court has personal jurisdiction over one who transacts any business in this state in a cause of action arising from the transaction of that business. Mrs. Stivers was in that category.

Appellant has not shown that appellee did not act in good faith in commencing the action and that it was not diligent in thereafter obtaining service of process. We cannot say that the holding of the chancellor that appellee commenced the action within 120 days from the date (May 1, 1978) the "package home" was delivered to appellant's lot was clearly erroneous.

The decree is affirmed.

HICKMAN and MAYS, JJ., dissent as to the constitutional issue.