## Buster NELSON *v.* Dick WAKEFIELD

84-11                                        668 S.W.2d 29

Supreme Court of Arkansas
Opinion delivered April 30, 1984

*Honey & Rodgers,* by: *Charles L. Honey,* for appellant.

*Steel & Steel,* by: *George Steel, Jr.,* for appellee.

GEORGE ROSE SMITH, Justice. This action for personal injuries was brought by the appellant, Buster Nelson, against Howard County Sheriff Dick Wakefield and others, to recover damages for physical abuse allegedly suffered by Nelson while he was a prisoner in the city-county jail at Nashville, Arkansas. In the original action Nelson took a nonsuit on June 24, 1982, after the statute of limitations had run. Nelson filed his present complaint on June 22, 1983, but the only summons issued against Sheriff Wakefield was served upon him by his own deputy sheriff on June 24. On November 30, 1983, the circuit court dismissed the action, finding that more than a year had passed since Nelson took a nonsuit and more than 60 days since the refiling of the complaint.

The only argument for reversal is that the action was properly refiled and the summons properly served under ARCP Rules 3 and 4, which we are called upon to interpret. Supreme Court Rule 29 (1) (c).

The case was rightly dismissed. A new action must be commenced within a year after a nonsuit. Ark. Stat. Ann. § 37-222 (Repl. 1962). Ever since the Civil Code of 1869 it has been the law that when the sheriff is a party to an action the summons is to be served by the coroner. Section 27-321 (Repl. 1979). ARCP Rule 4 (a), as amended on May 16, 1983, does not purport to change that statute, for the Rule provides that any summons is to be delivered for service to a sheriff or to a person authorized by law to serve it. Per curiam amendments, 279 Ark. 473 and 280 Ark. 608. The amended Rule 4 (i) does extend the time for service from 60 days to 120 days, but that is immaterial, for the trial court's dismissal was more than 120 days after the filing of the present complaint. By then the statute of limitations had run.

Affirmed.