CITICORP INDUSTRIAL CREDIT, INC. *v.* WAL-MART STORES, INC.

90-97                                                809 S.W.2d 815

Supreme Court of Arkansas
Opinion delivered May 20, 1991

*Friday, Eldredge & Clark*, by: *William H. Sutton* and *Frederick S. Ursery*, for appellant.

*Matthews, Campbell & Rhoads, P.A.*, by: *George R. Rhoads*, for appellee.

DAVID E. SMITH, Special Justice. Citicorp Industrial Credit, Inc., appeals the entry of a default judgment against it in favor of Wal-Mart Stores, Inc. The case presents the issue of whether a foreign corporation has thirty days to respond to a summons and complaint or whether it is limited to twenty days. Citicorp asks this court to interpret the term "non-resident" as used in Rule 12(a) of the Arkansas Rules of Civil Procedure. The Supreme Court has jurisdiction over this appeal under Rule 29(1)(c) of the Rules of the Supreme Court because it involves an interpretation of the Arkansas Rules of Civil Procedure.

Specifically, Citicorp contends that it is a foreign corporation and, therefore, a non-resident of the State of Arkansas under Rule 12(a) notwithstanding that it registered to do business in Arkansas and has a registered agent for service of process in Arkansas, The Corporation Company located in Little Rock, as is required by Ark. Code Ann. Sec. 4-27-501. Citicorp contends that the trial court erred in concluding otherwise. We agree and reverse the judgment.

There are no disputed facts material to the issue involved in this appeal. The only dispute involves an application of Rule 12(a) to those facts. The case, therefore, presents only a question of law for our determination.

A detailed review of the allegations of the complaint is not

necessary to an understanding of the issue raised by this appeal. Simply stated, Wal-Mart alleged that Citicorp had converted the proceeds of two checks which Wal-Mart contended it had mailed to the wrong post office box. Wal-Mart sought judgment against Citicorp for the full amount of the two checks, plus pre-judgment interest and other incidental relief.

On July 15, 1988, Wal-Mart filed its complaint in the Circuit Court of Benton County, Arkansas. On July 15, 1988, the Benton County Circuit Clerk issued a summons directed to Citicorp which notified Citicorp that it had twenty days to answer the complaint. Counsel for Wal-Mart served the summons and complaint by certified mail, restricted delivery, on Citicorp's registered agent for service of process on July 20, 1988.

On August 10, 1988, Wal-Mart filed a motion for default judgment, alleging that service was made on Citicorp on July 20, 1988; that twenty days after that date was August 9, 1988; and that no answer had been filed by that date.

On August 11, 1988, Citicorp filed a response to the motion. In that response, Citicorp alleged that the motion for default judgment was premature because it is a foreign corporation having been incorporated in the State of Delaware, that its principal place of business is in Harrison, New York, that Citicorp is a non-resident under the Arkansas Rules of Civil Procedure, and that this fact is not altered because Citicorp registered to do business in Arkansas and appointed an agent for service of process. Citicorp further alleged that, as a non-resident, it was entitled to thirty days from the date of service in which to respond to Wal-Mart's complaint and that, therefore, Citicorp had until August 19, 1988, in which to file its responsive pleading. On August 18, 1988, Citicorp filed a motion to dismiss the complaint under Rule 12(b)(3) alleging that venue in Benton County was improper.

Wal-Mart later filed affidavits of officers of Wal-Mart and Tyson Foods, Inc., establishing that both are Delaware corporations and filed a certificate of the Benton County Circuit Clerk, in support of its motion for default judgment. The clerk's certificate stated that in cases filed against Wal-Mart and Tyson Foods in the Benton County Circuit Court the summonses issued provided that the defendants had twenty days in which to answer. The

apparent purpose of the affidavits and certificate was to establish that it is the custom and practice in Benton County to allow foreign corporations with registered agents in Arkansas twenty days to respond to a complaint. Citicorp moved to strike the affidavits and clerk's certificate as being irrelevant and impertinent.

A hearing was held on the three motions after which, the trial court entered a default judgment against Citicorp for the full amount sought by Wal-Mart, plus pre-judgment interest, for a total judgment of $193,935.29. The trial court ruled that Citicorp's motion to dismiss and motion to strike were rendered moot by the ruling on Wal-Mart's motion for default judgment. In its default judgment, after reciting the facts, the trial court reached the following conclusions:

> That the defendant, Citicorp Industrial Credit, Inc., is a Delaware corporation which has been domesticated in the State of Arkansas by making the appropriate filing with the Arkansas Secretary of State and has a registered office and registered agent in the State of Arkansas. Therefore, the defendant, Citicorp Industrial Credit, Inc., is not a non-resident of this State for the purpose of the application of the Answer filing deadline of Rule 12 of the Arkansas Rules of Civil Procedure and only had twenty (20) days after the service of the summons upon it in which to file its answer or pleading.

We hold that the trial court's conclusions are erroneous as a matter of law.

Rule 12(a) of our Rules of Civil Procedure mandates the time within which a responsive pleading to a summons and complaint must be filed. It reads, in part, as follows:

> A defendant shall file his answer within twenty (20) days after the service of summons and complaint upon him, except when service is upon a non-resident of this state, in which event he shall have thirty (30) days after service of summons and complaint upon him within which to file his answer. . . .

We think that the language of the rule is clear and unambiguous. This is consistent with Reporter's Note 3 to Rule 12:

> This rule allows a nonresident of this State a period of thirty (30) days to plead regardless of where service was effected and regardless of whether service was effected through a resident agent in this State.

According to Rule 12, a non-resident defendant is entitled to thirty days in which to respond to a complaint. A resident defendant, however, is limited to twenty days. The Rule supplants former law found in superseded Ark. Stat. Ann. Sec. 27-1135 (Repl. 1962) which gave defendants twenty days in which to respond, unless service was made outside the state, in which case the defendant was entitled to thirty days in which to respond. The Rule unequivocally grants non-resident defendants thirty days to respond, regardless of whether service was made within or outside of the state.

The trial court concluded that by registering to do business and having a registered agent in Arkansas, Citicorp became "domesticated," and reasoned that Citicorp was "not a non-resident of this state," which is just another way of saying that Citicorp became a resident of this state.

Rule 12 makes a distinction based upon whether a defendant is a resident or non-resident of Arkansas, not whether a defendant is "domesticated" or "non-domesticated." In making a distinction based on "domestication," the trial court erroneously changed the clear meaning of the Rule. Furthermore, the holding of the trial court is contrary to the previous decisions of this court.

The general rule is that a corporation is a resident of the state under the laws of which it was created. 20 C.J.S. *Corporations*, Sec. 1795 (1940 and Supp. 1989); 36 Am.Jur. 2d *Foreign Corporations*, Sec. 465 (1968 and Supp. 1989).

■ In *Missouri-Pacific Railroad Co.* v. *Fox, Inc.*, 251 Ark. 247, 472 S.W.2d 726 (1971), we stated: "[A] foreign corporation may be admitted to this state for the purpose of doing business, but it does not become a resident by such admission." 251 Ark. at 254, 472 S.W.2d at 729. *See also, Southwestern Bell Telephone Co.* v. *Roberts*, 246 Ark. 846, 440 S.W.2d 208 (1969) ("A foreign corporation is not recognized, however, as having a local or county residence"); and *Pekin Cooperage Co.* v. *Duty*, 140 Ark. 135, 215 S.W. 715 (1919). Clearly, our case law establishes that

foreign corporations do not become Arkansas residents by registering to do business here, and they are, therefore, entitled to the thirty days to respond to a complaint provided by Rule 12.

Wal-Mart relies heavily on Art. 12, Sec. 10, of the Constitution of Arkansas which reads as follows:

> Foreign corporations may be authorized to do business in this state under such limitations and restrictions as may be prescribed by law. Provided, that no such corporation shall do any business in this state except while it maintains therein one or more known places of business and an authorized agent or agents in the same upon whom process may be served; and, as to contracts made or business done in this state, they shall be subject to the same regulations, limitations and liabilities as like corporations of this state, *and shall exercise no other or greater powers, privileges or franchises than may be exercised by like corporations of this state.* . . . (Emphasis supplied.)

Wal-Mart also relies upon Ark. Code Ann. Sec. 4-27-1505(B) which reads as follows:

> A foreign corporation with a valid certificate of authority has the same but no greater rights and has the same but no greater privileges as, and except as otherwise provided by this chapter, is subject to the same duties, restrictions, penalties, and liabilities now or later imposed on, a domestic corporation of like character.

Wal-Mart argues that these are "equality" provisions of the Constitution and laws of Arkansas, and that by permitting foreign corporations a longer time to answer complaints than is allowed to Arkansas corporations, Rule 12 is unconstitutional because it denies Arkansas corporations equal protection of the laws.

■ Wal-Mart's constitutional argument is not considered because (1) it is raised for the first time on appeal and (2) Wal-Mart, as a foreign corporation, has no standing to raise the issue.

■ However, it is in this "equal protection" argument that Wal-Mart cites the practice of attorneys in the Benton County Circuit Court of allowing foreign corporations qualified to do

business in this state only twenty days to answer a complaint. We take this opportunity to point out that our rules of civil procedure cannot be altered by custom and practice of the attorneys in any given county. Otherwise, we could possibly have as many variations on our rules as there are counties in Arkansas.

We also take this opportunity to point out that there are sound practical reasons for giving non-resident defendants ten additional days within which to respond to a complaint. Corporate defendants registered to do business in this state must appoint agents for service of process. Frequently, these registered agents are corporations formed solely for the purpose of acting as agents for service, as is Citicorp's registered agent in this case. These corporate registered agents may represent hundreds, perhaps thousands, of foreign corporations doing business in Arkansas. They have no authority to engage in decision-making for their principals, nor to engage attorneys or other professionals to represent them. They may only accept service. When served they must identify the party for which they have acted as agent for service and get the process in the hands of that party located in another state by mail or private carrier. The foreign corporation must then secure the services of an attorney licensed to practice in our courts, who, in turn, must receive the pleadings and process from the non-resident defendant, examine the pleadings, and prepare and file a response. Again, all of this is often done by mail.

Rule 12 recognizes the fact that these things may take more time for a non-resident defendant to accomplish and grants that defendant additional time so that it will not be at a disadvantage in our courts. The policy reasons for allowing additional answer time to non-residents are even more compelling when the non-resident defendant is a natural person, who may lack the knowledge of litigation which corporate defendants often possess.

Citicorp was entitled to thirty days to respond to Wal-Mart's complaint, rather than the twenty days allowed by the trial court. Citicorp pled responsively within thirty days of the date of service of the complaint, and was not in default. The judgment of the trial court is reversed, and the case is remanded for further proceedings.

Reversed and remanded.

Special Justices JULIAN B. FOGLEMAN and R. KEITH VAUGHAN join in this opinion.

DUDLEY, CORBIN and BROWN, JJ., not participating.