Bobbie HOLLAND and Donald Holland,
Individually and as Husband and Wife *v.*
Judge Stephen F. LEFLER, M.D., *et al.*

CA 02-342                                    95 S.W.3d 815

Court of Appeals of Arkansas
Division I
Opinion delivered January 22, 2003

*Walker & Dunklin*, by: *Larry G. Dunklin* and *Victoria N. Ewenike*; and *Terrence Cain*, for appellant.

One brief only.

WENDELL L. GRIFFEN, Judge. Bobbie and Donald Holland appeal from an order denying their motion for an extension of time to perfect service of process on the appellees, Stephen Lefler, Ken Meachum, White County Medical Center, and Virginia Insurance Reciprocal Group, made under Rule 6(b)(2) of the Arkansas Rules of Civil Procedure. Appellants argue that the trial court erred in finding that Ark. R. Civ. P. 6(b)(2) was not applicable to the initial service of a complaint, which had not been served within the 120-day period prescribed by Ark. R. Civ. P. 4(i). We disagree and affirm.

On July 25, 2001, appellants filed a complaint against appellees under the Arkansas Medical Malpractice Act, Ark. Code Ann. § 16-114-201, *et seq.*, alleging that appellants suffered damages as a result of appellees' negligence in performing surgery on Bobbie Holland. Under Rule 4(i) of the Arkansas Rules of Civil Procedure, appellants had until November 26, 2001, that is, 120 days from the date the complaint was filed, to serve appellees with a copy of the complaint. However, appellants did not perfect service of process on appellees within this 120-day period. On November 28, 2001, appellants filed a motion for additional time to obtain service on appellees, but on November 30, 2001, the trial court entered an order, on its own initiative, dismissing appellants' case without prejudice for failure to make service or to file a motion to extend time within 120 days of filing the complaint as required under Rule 4(i). The appellants moved to have the trial court reconsider their previous motion to extend time for service of process and set aside the order of dismissal. They argued that Ark. R. Civ. P. 6(b)(2) gives a trial court discretion to permit an act to be done after the specified period for doing the act has

expired if the failure to act was the result of mistake, inadvertence, surprise, excusable neglect, or other just cause. The trial court denied appellants' motion to reconsider based on its conclusion that Rule 6(b)(2) was not applicable to the initial service of a complaint and that under Rule 4(i) it lost jurisdiction over the case when appellants failed to either serve appellees or file a motion for extension of time to serve within 120 days after filing the complaint. This appeal followed.[1]

Appellants first argue that the trial court erred when it held that Ark. R. Civ. P. 6(b)(2) is inapplicable to the initial service of a complaint. Appellants state that whether a plaintiff can use Rule 6(b)(2) to seek an extension of time to obtain service on a defendant where the plaintiff has neither served the defendant nor sought an extension of time to serve within 120 days after filing the complaint is a question of first impression for this court.

The resolution of this issue requires us to analyze Rule 4(i) and Rule 6(b) of the Arkansas Rules of Civil Procedure. Court rules are construed using the same means, including canons of construction, as are used to construe statutes. *Moon v. Citty*, 344 Ark. 500, 42 S.W.3d 459 (2001). The first rule of statutory construction is to construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Yamaha Motor Corp. v. Richard's Honda Yamaha*, 344 Ark. 44, 38 S.W.3d 356 (2001). When the language of the statute is plain and unambiguous, there is no need to resort to rules of statutory construction. *Burcham v. City of Van Buren*, 330 Ark. 451, 954 S.W.2d 266 (1997). Issues of statutory construction are reviewed *de novo*; however, absent a showing that the trial court erred in its interpretation of the law, that interpretation will be

---

[1] Although appellants' complaint was dismissed without prejudice, they initiated this appeal seeking relief under Ark. R. Civ. P. 6(b), instead of refiling their complaint, because the applicable statute of limitations had run on their cause of action barring them from refiling the complaint. *Kangas v. Neely*, 346 Ark. 334, 57 S.W.3d 694 (2001) (holding that a dismissal under Ark. R. Civ. P. 4(i) is without prejudice unless the suit is otherwise barred by the applicable statute of limitations, then the dismissal is with prejudice). Here, the applicable statute of limitations on appellants' cause of action ran on July 26, 2001, and the case was dismissed on November 30, 2001.

accepted as correct on appeal. *Hodges v. Huckabee*, 338 Ark. 454, 995 S.W.2d 341 (1999).

Arkansas Rule of Civil Procedure 4(i) provides in pertinent part:

> *Time Limit for Service.* If service of summons is not made upon a defendant within 120 days after filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's initiative. If a motion to extend is made within 120 days of the filing of the suit, the time for service may be extended by the court upon a showing of good cause.

Rule 4(i) is clear and unambiguous when it states "if service of summons is not made upon a defendant within 120 days after filing of the complaint, the action *shall be dismissed.*" (Emphasis added.) Appellants concede that the trial court acted properly in dismissing their case under Rule 4(i) because they did not serve appellees and did not file a timely motion to extend time for service. However, appellants argue that the trial court had discretion to consider their motion for an extension of time to serve process under Rule 6(b), although their request was made more than 120 days after the initial complaint was filed.

Arkansas Rule of Civil Procedure 6(b) provides in pertinent part:

> *Enlargement.* When by these rules or by a notice given thereunder or by order of the court an act is required or allowed to be done at or within a specified time, the Court for cause shown may at any time in its discretion . . . (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of mistake, inadvertence, surprise, excusable neglect, or other just cause, but it may not extend the time for taking an action under Rules 50(b), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them.

Appellants contend that Rule 6(b) can be used to extend time for service of a complaint after the 120-day time requirement under Rule 4(i) has expired if the failure to serve was the result of mistake, surprise, excusable neglect, or other just cause because Rule 6(b) does not specifically exclude Rule 4(i) from its application, as

it does other rules. As a basis for seeking an extension under Rule 6(b), appellants asserted below that they had "just cause" for failing to obtain service.[2] While appellants state that the question of the sufficiency of their reasons is not an issue on appeal, they argue that whether they had just cause under Rule 6(b)(2) was a matter the trial court should have considered.

■ Arkansas courts have not addressed whether Rule 6(b) can be used to extend the time to obtain service once the 120-day period for service prescribed in Rule 4(i) has expired. However, the supreme court has held that the service requirements under Rule 4(i) must be strictly construed, and compliance with them must be exact. *Raymond v. Raymond*, 343 Ark. 480, 36 S.W.3d 733 (2001). Service of process under Rule 4(i) must be accomplished within 120 days after the filing of the complaint unless the plaintiff has filed a motion to extend time prior to the expiration of the deadline. *Id.* If service is not obtained within that time and no timely motion to extend is made, dismissal of the action is mandatory. *Id.* Consequently, if a trial court is required to dismiss an action because a plaintiff has failed to serve a defendant or to file a timely motion to extend service, it follows that, in accordance with the language of Rule 4(i), the trial court loses jurisdiction over that case and no longer has discretion to take action on the case after the expiration of the 120-day period.

■ ■ Although under Rule 6(b) a trial court is permitted to enlarge the time period to act upon a motion made after the expiration of the specified period, for cause shown, Rule 6(b) does not apply where a trial court has no jurisdiction to act. If, under Rule 4(i), a trial court must dismiss an action for lack of service or failure to file a timely motion to extend time for service, then that trial court loses its jurisdiction to take any further action in that case. This necessarily means the trial court would

---

[2] The good cause reasons set forth were that plaintiffs' counsel was unable to identify the agent for service of process of separate defendant, White County Medical Center; counsel became deeply involved in a capital murder trial and aggravated robbery trial set for trial on November 28, 2001; on November 26, 2001, the last day to perfect service, counsel was called to an emergency hearing about the aggravated robbery case; and co-counsel on plaintiffs' case was sick with the flu and stomach virus and was out of the office the week of November 26, 2001.

lack jurisdiction even to consider a request to extend service made pursuant to Rule 6(b), let alone exercise discretion to enlarge the time to complete service. In this case, appellants failed to serve the appellees and did not file a motion to extend time for service within the 120-day period. The trial court was required to dismiss their case and did not have the authority or jurisdiction to consider appellants' request to extend the time to obtain service made under Rule 6(b).

■ Appellants argue next that under the Federal Rules of Civil Procedure, a plaintiff who does not comply with the 120-day period for service under Fed. R. Civ. P. 4(m) can obtain additional time to obtain service under Fed. R. Civ. P. 6(b)(2) provided the plaintiff shows good cause for the failure, and that where the Arkansas Rules of Civil Procedure are nearly identical or substantially the same as the federal rules, federal precedent and commentary should be accorded significant precedential value. Appellants correctly state that where there have been similarities between our rules and the federal rules, we have considered the federal courts' interpretation of federal rules to be of significant precedential value. *Smith v. Washington*, 340 Ark. 460, 10 S.W.3d 877 (2000). The federal courts have held that a plaintiff can seek additional time to serve a complaint under Fed. R. Civ. P. 6(b)(2), which is substantially similar to our Ark. R. Civ. P. 6(b). *Braxton v. United States*, 817 F.2d 238 (3rd Cir. 1987); *Nelle v. Ciotti*, 151 F.R.D. 568 (E.D. Pa. 1993).

■ However, Fed. R. Civ. P. 4(m) is not substantially similar to our Rule 4(i) and has no precedential value. Federal Rule Civil Procedure 4(m) provides:

> *Time Limit for Service.* If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant *or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.* (Emphasis added.)

Unlike Arkansas Rule of Civil Procedure 4(i), which mandates dismissal of the action if service or a motion to extend time is not

made within the required time period, Fed. R. Civ. P. 4(m) specifically grants the federal courts the authority to extend the time of service upon a showing of good cause.

■ Based on the language in our Rule 4(i), we conclude that a plaintiff cannot use Rule 6(b) to enlarge the time to obtain service when the plaintiff has not complied with the requirements of Rule 4(i), which the Arkansas courts have strictly construed and held that compliance with must be exact. Accordingly, we hold that the trial court did not err in denying appellants' motion for extension of time to serve process made after the 120-day period for service under Rule 4(i) had expired.

Affirmed.

ROBBINS and BIRD, JJ., agree.