JoLynn SMITH *v.* SIDNEY MONCRIEF
PONTIAC, BUICK, GMC COMPANY,
*d/b/a* Sherwood Pontiac, Buick, GMC Company

02-449 120 S.W.3d 525

Supreme Court of Arkansas
Opinion delivered June 19, 2003

*Crockett Law Firm*, by: *Michael A. Crockett*; and *Boyd Law Firm*, by: *Ken Swindle*, for appellant.

*Hicks Law Firm*, by *Rickey H. Hicks*, for appellee Sidney Moncrief Pontiac, Buick, GMC Company.

*Rose Law Firm*, by: *David L. Williams* and *John D. Coulter*, for appellee Sherwood Pontiac, Buick, GMC Company.

A NNABELLE CLINTON IMBER, Justice. This case involves the construction and interpretation of the Arkansas Rules of Civil Procedure. The underlying facts are not at issue. Appellant JoLynn Smith (Smith) purchased a used car from Appellee Sidney Moncrief Pontiac Buick GMC Company (Moncrief) in October of 1996. Smith subsequently learned that the vehicle had been in an accident two years earlier, that it was declared a total loss by an insurance company, and that as a result, a salvaged title had been issued. Upon learning this information, Smith filed a complaint against Moncrief and two of its employees, Gene Curry and Jerry Cook, alleging fraud and a breach of contract.

Moncrief answered the complaint, and Smith eventually took a voluntary nonsuit resulting in a dismissal without prejudice. Within one year of the nonsuit, Smith filed a new complaint making substantially the same allegations as the first complaint. Smith served Moncrief; but upon learning that Moncrief had been "sold and subsequently incorporated as Sherwood Pontiac, Buick, GMC Company," she amended her complaint to reflect Sidney Moncrief Pontiac Buick, GMC, Company d/b/a Sherwood Pontiac, Buick, GMC, Company (Sherwood) as a defendant. Smith then proceeded with service of process on Sherwood.

Neither Moncrief nor Sherwood answered the amended complaint, and the circuit court granted Smith's motion for default, but reserved the issue of damages. Shortly thereafter, a jury trial was held to determine damages, and the jury returned a verdict assessing compensatory damages at $20,000 and punitive damages at $300,000. The circuit court entered judgment against Moncrief and Sherwood, jointly and severally. Subsequently, Moncrief and Sherwood moved to have the default judgment set aside because of certain errors in the summonses. The circuit court set aside the default, at which point Moncrief and Sherwood moved to have the case dismissed based on the same errors in the summonses. The court held a hearing and granted the motions to dismiss with prejudice. It is from that order that Smith appeals, essentially arguing that the circuit court erred in dismissing her amended complaint with prejudice.

The relevant dates in this case are as follows:

- October 24, 1996 Smith purchased used car from Moncrief
- July 2, 1997 Complaint filed against Moncrief alleging fraud and breach of contract
- March 8, 1999 Order of dismissal without prejudice entered
- March 3, 2000 Complaint refiled against Moncrief
- May 4, 2000 Moncrief's designated agent for service of process (Prentice Hall Corp.) served (summons incorrectly identified defendant and misstated deadline for defendant to respond)
- May 19, 2000 Amended complaint filed that added Sherwood as a defendant
- May 27, 2000 Sherwood's designated agent for service of process (The Corporation Company) served (summons incorrectly identified defendant and misstated deadline for defendant to respond)
- February 20, 2001 Order entered granting Smith's motion for default (issue of damages reserved)
- August 17, 2001 Default judgment entered
- August 30, 2001 Motion to set aside default judgment filed by Moncrief

| | | |
|---|---|---|
| • | August 31, 2001 | Motion for new trial, or, in the alternative, motion for remittitur filed by Sherwood |
| • | October 5, 2001 | Entry of order setting aside default judgment |
| • | October 31, 2001 | Motion to dismiss filed by Sherwood |
| • | November 2, 2001 | Motion to dismiss filed by Moncrief |
| • | November 15, 2001 | Motion to extend time for service filed by Smith |
| • | January 31, 2002 | Order entered dismissing Smith's amended complaint with prejudice |

## I. Arkansas Rule of Civil Procedure 4(i)

Smith's first point on appeal is that the circuit court erred in finding that she did not comply with the requirements of Arkansas Rule of Civil Procedure 4(i) (2003). Under this point, Smith attacks the circuit court's dismissal of her complaint on four separate grounds. Smith first asserts that service of a flawed summons commences an action and tolls the statute of limitations. Smith admits that the summonses issued in this case were deficient in that "the summonses left off part of appellees's names and misstated the time in which appellees were required to answer."[1] Nonetheless, she contends that in completing service of the flawed summonses within 120 days from the date of filing the complaint, as required by Ark. R. Civ. P. 4(i), she commenced the action for limitation purposes so as to afford her the benefit of the one-year savings provision provided in Ark. Code Ann. § 16-56-126 (1987).

As a threshold matter, both Sherwood and Moncrief suggest that Smith's savings-statute argument is not properly before this court because she failed to make the argument below and the circuit court failed to rule on it. We disagree. In Smith's motion to extend time for service, she states "the time for service is extended by one year after there has been an arrest of judgment or writ of error and remand for another trial. Ark. Code Ann. 16-56-126." In any event, the circuit court ruled that Smith's claims were time-barred,

---

[1] The summonses advised Moncrief and Sherwood that they had 20 days to answer instead of 30 days allowed to out-of-state defendants. Ark. R. Civ. P. 12(a) (2003); *Citicorp Indus. Credit, Inc. v. Wal-Mart Store, Inc.,* 305 Ark. 530, 809 S.W.2d 815 (1991).

thereby effectively ruling on the application of the savings statute. Thus, the issue is properly preserved for appellate review.

We start with our rules of civil procedure, which provide a basis for dismissal in this case. Pursuant to Rule 12 of the Arkansas Rules of Civil Procedure, certain defenses shall be asserted in the first responsive pleading, or by motion before pleading, including the defenses of insufficiency of process or insufficiency of service of process. *See* Ark. R. Civ. P. 12(b)(4), (5) (2003). Under Ark. R. Civ. P. 4(a), the clerk must issue a summons upon the filing of a complaint, and Rule 4(b) mandates the form of the summons:

> *Form.* The summons shall be styled in the name of the court and shall de dated and signed by the clerk; under the seal of the court; contain the names of the parties; be directed to the defendant; state the name of the plaintiff; and the time within which these rules require the defendant to appear, file a pleading, and defend and shall notify him that in the case of his failure to do so, judgment by default may be entered against him for the relief demanded in the complaint.

Ark. R. Civ. P. 4(b) (2003). Rule 4 also designates the persons who are authorized to serve process and provides how service of process shall be made. Ark. R. Civ. P. 4(c), (d), (e), and (f) (2003).

█ █ Arkansas law is long settled that service of valid process is necessary to give a court jurisdiction over a defendant. *Raymond v. Raymond*, 343 Ark. 480, 36 S.W.3d 733 (2001) (citing *Tucker v. Johnson*, 275 Ark. 61, 628 S.W.2d 281 (1982)). Our case law is equally well-settled that statutory service requirements, being in derogation of common-law rights, must be strictly construed and compliance with them must be exact. *Id.*; *Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 921 S.W.2d 944 (1996) (citing *Wilburn v. Keenan Companies, Inc.*, 298 Ark. 461, 768 S.W.2d (1989) and *Edmonson v. Farris*, 263 Ark. 505, 565 S.W.2d 617 (1978)). This court has held that the same reasoning applies to service requirements imposed by court rules. *Carruth v. Design Interiors, Inc., supra; Wilburn v. Keenan Companies, Inc., supra.* More particularly, the technical requirements of a summons set out in Ark. R. Civ. P. 4(b) must be construed strictly and compliance with those requirements must be exact. *Thompson v. Potlatch Corp.*, 326 Ark. 244, 930 S.W.2d 355 (1996) (citing *Carruth v. Design Interiors, Inc., supra,*

which held that the motion to dismiss for failure of service of process should have been granted where the summons was not signed by the clerk as required by Rule 4(b)).

■ Pursuant to Rule 4(i) of the Arkansas Rules of Civil Procedure, it is also mandatory for the trial court to dismiss the action without prejudice if service is not made within 120 days of filing the complaint and no motion to extend is timely made. Ark. R. Civ. P. 4(i) (2003); *Lyons v. Forrest City Machine Works, Inc.*, 301 Ark. 559, 785 S.W.2d 220 (1990) (*Lyons I*) (holding service of process not proper under rule 4(d)(5) and dismissal mandatory under Rule 4(i) where summons addressed to F.C. Machine Works and return showed that F.C. Machine Works was served as "the person named therein as defendant"); *see also Raymond v. Raymond, supra.; Cole v. First Nat'l Bank of Ft. Smith*, 304 Ark. 26, 800 S.W.2d 412 (1990); *Lawson v. Edmondson*, 302 Ark. 46, 786 S.W.2d 823 (1990).

■ Here, Smith does not dispute that the summonses were deficient under Rule 4(b). As stated earlier, neither summons identified the defendant correctly, and both summonses misstated the time in which the defendants were required to respond. *See Carruth v. Design Interiors, Inc., supra.* Because the service requirements imposed by our court rules must be strictly construed and compliance with them must be exact, we conclude that the circuit court properly dismissed Smith's complaint for failure of service of valid process under Rule 12(b). Furthermore, the circuit court's dismissal of this case was mandatory under the plain language of Rule 4(i) and our case law interpreting that rule because service of the summonses on Moncrief and Sherwood was improper. *See Lyons I, supra.*

Although this court in *Lyons I* upheld the circuit court's dismissal of the plaintiff's case for failure to make service of summons, in a second appeal, *Forrest City Machine Works, Inc., v. Lyons*, 315 Ark. 173, 866 S.W.2d 372 (1993) (*Lyons II*), we concluded that the earlier dismissal of the case did not bar the plaintiff from invoking the savings statute, Ark. Code Ann. § 16-56-126, and refiling his complaint:

> [To] toll the limitations period and to invoke the saving statute, a plaintiff need only file his or her complaint withing the statute of limitations and complete timely service on a defendant. A

court's later ruling finding that completed service invalid does not disinherit the plaintiff from the benefit of the saving statute.

*Lyons II*, 315 Ark. at 177, 866 S.W.2d at 374; *see also Thomson v. Zufari*, 325 Ark. 208, 924 S.W.2d 796 (1996); *Hicks v. Clark*, 316 Ark. 148, 870 S.W.2d 750 (1994); *Green v. Wiggins*, 304 Ark. 484, 803 S.W.2d 536 (1991); *Nelson v. Wakefield*, 282 Ark. 285, 668 S.W.2d 29 (1984) (holding failure to complete timely service on defendant prevented plaintiff from invoking savings statute). Similarly, here we are upholding the circuit court's dismissal of Smith's case for failure of service of valid process. Smith asserts that in completing service, albeit improperly, within 120 days from the date her complaint was refiled, she effected commencement of the suit for purposes of tolling the limitations period or invoking the savings statute.[2]

While this assertion may be accurate, it is not dispositive. In contrast with the circumstances in *Lyons I* and *Lyons II*, which involved only one involuntary dismissal, this action has been dismissed two times — Smith nonsuited the original complaint pursuant to Ark. R. Civ. P. 41(a), and, after she refiled the complaint within one year of the nonsuit, the circuit court dismissed the action for failure of service of valid process pursuant to Rules 12(b) and 4(i). Thus, we are required to consider Rule 41 of the Arkansas Rules of Civil procedure, which governs the dismissal of actions in civil proceedings. Ark. R. Civ. P. 1 (2003). With regard to involuntary dismissal, Rule 41(b) provides in pertinent part:

> A dismissal under this subdivision [involuntary dismissal] is without prejudice to a future action by the plaintiff unless the action has been previously dismissed, whether voluntarily or involuntarily, in which event such dismissal operates as an adjudication on the merits.

Ark. R. Civ. P. 41(b) (2003). A Reporter's Note to Rule 41(b) points out that an involuntary dismissal under Rule 41(b) of the Federal Rules of Civil Procedure is generally with prejudice,

---

[2] Smith cites *Stivers v. Pacific Bldg., Inc.*, 269 Ark. 294, 601 S.W.2d 822 (1980), to support her argument that service of a defective summons commences an action for limitation purposes. Her reliance on *Stivers* is misplaced. That case interpreted a prior statute, Ark. Stat. Ann. § 27-301 (Repl. 1979), that has since been superceded by the Arkansas Rules of Civil Procedure. Ark. R. Civ. P. 3, 4(i).

"whereas under [Ark. R. Civ. P. 41(b)], such a dismissal is without prejudice provided the case has not been previously dismissed in which event the second dismissal is with prejudice."

■ Under Rule 41(b), a second dismissal based on failure to serve valid process shall be made with prejudice where the plaintiff has previously taken a voluntary nonsuit. *Bakker v. Ralston*, 326 Ark. 575, 932 S.W.2d 325 (1996). Although Rule 4(i) applies when there is a failure to obtain proper service and nothing more, Rule 41(b) expressly addresses the situation where there has been more than one dismissal, whether voluntary or involuntary. *Id.* In contrast, the savings statute states that the plaintiff may commence a new action within one year after suffering a nonsuit. Ark. Code Ann. § 16-56-126 (1987).

■ The Arkansas Rules of Civil Procedure govern the procedures in all civil proceedings except those proceedings established by statute, that is, special proceedings, where the statute prescribes a different procedure. Ark. R. Civ P. 1, 81(a) (2003). It was never the intention of this court to accede to the General Assembly on matters of civil procedure for civil actions. *Weidrick v. Arnold*, 310 Ark. 138, 835 S.W.2d 843 (1992).

■ The claims at issue here are for breach of contract and fraud, both of which are rooted in the common law. The one-year savings statute merely tolls the general statute of limitations. It therefore follows that the dismissal provisions of Rule 41(b) apply to this civil proceeding.

■ The involuntary dismissal of Smith's amended complaint in 2002 operated as the second dismissal against Moncrief due to Smith's previous voluntary nonsuit in 1999. Pursuant to Rule 41(b), the second dismissal was an adjudication on the merits. Accordingly, we conclude that the circuit court properly dismissed Smith's action against Moncrief with prejudice.

■ As to Sherwood, however, the involuntary dismissal of Smith's amended complaint operated as the first dismissal because Sherwood was not a party to the original action that Smith voluntarily nonsuited in 1999. Therefore, under our holding in *Lyons II, supra*, Ark. Code Ann. § 16-56-126 would allow Smith to refile her complaint against Sherwood for breach of contract within one year after the circuit court's dismissal of the amended

complaint, which occurred on January 31, 2002. *West v. G.D. Searle & Co.*, 317 Ark. 525, 879 S.W.2d 412 (1994) (holding that a dismissal of a complaint on the defendant's motion is the same as a nonsuit). Thus, Smith's breach of contract claim against Sherwood should have been dismissed without prejudice.

The same cannot be said for Smith's fraud claim against Sherwood. At the time she refiled her complaint on March 3, 2000, and then amended the complaint on May 19, 2000, to add Sherwood as defendant, the three-year statute of limitations for filing a fraud claim against Sherwood had already expired. Ark. Code Ann. § 15-59-105 (1987); *Stoltz v. Friday*, 325 Ark. 399, 926 S.W.2d 438 (1996).[3] In order to invoke the protection of the savings statute, a plaintiff must timely commence the original action. Ark. Code Ann. § 16-56-126; *Lyons II, supra.* Smith's fraud claim against Sherwood is therefore time-barred and the savings statute does not apply.

As a second ground for reversal under the first point on appeal, Smith argues that strict compliance with Rule 4(b) is not required in the context of a motion to dismiss under Rule 12(b). That is a reiteration of the savings-statute argument dealt with above.

Smith's next ground for reversal under this point hinges upon Ark. R. Civ. P. 4(h), which states that:

> [A]t any time in its discretion and upon such terms as it deems just, the court may allow any summons or proof of service thereof to be amended unless it clearly appears that material prejudice would result to the substantial rights of the party against who the summons is issued.

Ark. R. Civ. P. 4(h) (2002). She maintains that the circuit court should have permitted an amendment of the summonses to cure

---

[3] Rule 15(c) of the Arkansas Rules of Civil Procedure, which sets out the requirements for an amendment of the pleading to relate back to the date of the original pleading, does not allow Smith's amended complaint against Sherwood to relate back to the filing date of the original action. Among other things, Rule 15(c)(2) states that the party to be brought in by amendment must be notified of the institution of the action within the 120-day period provided by Rule 4(i) for service of summons and complaint. Ark. R. Civ. P. 15(c)(2) (2003). As Sherwood was not incorporated until May 5, 1999, it certainly could not have been given the required notice within 120 days of the filing of the original action on July 2, 1997.

the defective process. This argument, however, is not preserved for appellate review.

Smith never filed a motion to amend the defective summonses. Moreover, the record does not reflect that Smith ever mentioned Rule 4(h) to the circuit court, either orally or in a pleading filed with the court. Our case law is perfectly clear; this court will not address an argument not made to the trial court and made for the first time on appeal. *Arkansas Blue Cross & Blue Shield v. Hicks*, 349 Ark. 269, 78 S.W.3d 58 (2002).

Smith's last argument under the first point on appeal is that both Sherwood and Moncrief waived their objections to the flawed summonses by not raising the Rule 12(b)(4) defense of insufficiency of process in their motions to dismiss. It is undisputed that the basis of the motions to dismiss filed by Sherwood and Moncrief was the Rule 12(b)(5) defense of insufficiency of service of process. We agree that such defenses are waived if not included in the defendant's first responsive pleading, or by motion before pleading. Ark. R. Civ. P. 12(h)(1) (2003); *Southern Transit Co., Inc. v. Collums*, 333 Ark. 170, 966 S.W.2d 906 (1998). Yet, Smith failed to assert below that Sherwood or Moncrief had waived a Rule 12(b)(4) or (5) defense. In Arkansas, in order to make an argument on appeal, it must first be made to the trial court. *Arkansas Blue Cross & Blue Shield v. Hicks, supra.* We do not address any argument, even a constitutional one, for the first time on appeal. *See Utley v. City of Dover*, 352 Ark. 213, 101 S.W.3d 191 (2003). Therefore, we decline to address the merits of this argument for the first time on appeal.

## II. Additional time for service under Arkansas Rule of Civil Procedure 6

Smith's second point on appeal is that Ark. R. Civ. P. 6(b)(2) can be used to extend the time for service of summons, and the circuit court's belief that it had no basis to do so under the law was erroneous. Additionally, she contends that Moncrief and Sherwood should be equitably estopped from relying on the flawed summonses to justify dismissal. The circuit court concluded that Rule 6 of the Arkansas Rules of Civil Procedure does not extend the 120-day period mandated by Rule 4(i) for service of process.

Rule 4(i) of the Arkansas Rules of Civil Procedure clearly prescribes a time limit for service of summons:

> If service of the summons is not made upon a defendant within 120 days after the filing of the complaint, the action *shall be dismissed* as to that defendant without prejudice upon motion or upon the court's initiative. If a motion to extend is made within 120 days of the filing of the suit, the time for service may be extended by the court upon a showing of good cause.

Ark. R. Civ. P. 4(i) (emphasis added). By its plain language, which we have strictly construed, Rule 4(i) requires that service of process be accomplished within 120 days after the filing of the complaint unless the plaintiff has filed a motion to extend time prior to the expiration of the deadline. *Raymond v. Raymond*, 343 Ark. 480, 36 S.W.3d 733 (2001). If service is not obtained within that time and no timely motion to extend is made, dismissal of the action is mandatory. *Id.*

Smith nonetheless suggests that Rule 6(b) can be used to extend the time for service of a complaint after the 120-day time requirement under Rule 4(i) has expired. Rule 6(b) provides as follows:

> *Enlargement*: When by these rules or by a notice given thereunder or by order of the court an act is required or allowed to be done at or within a specified time, the Court for cause shown may *at any time* in its discretion (1) with or without motion or notice, *order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order*, or (2) *upon motion made after the expiration of the specified period* permit the act to be done where the failure to act was the result of mistake, inadvertence, surprise, excusable neglect, or other just cause, but it may not extend the time for taking an action under Rules 50(b), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them.

Ark R. Civ. P. 6(b) (2003) (emphasis added).

This court has previously considered the scope of a trial court's authority under Rule 6(b) to extend the time for service prescribed by Rule 4(i). *Edwards v. Szabo Food Serv., Inc.*, 317 Ark. 369, 877 S.W.2d 932 (1994). In *Szabo*, we concluded that compliance with Rule 4(i) only requires a party to file the motion

to extend time prior to the expiration of the 120-day deadline because Rule 6(b) recognizes that the trial court may act after the expiration of the specified 120-day period. *Id.* In other words, although the motion to extend time for service must be filed prior to the expiration of the deadline, the trial court has the authority to enter the order to extend time for service after the expiration of the 120-day period. Likewise, we held that Rule 6(b) allows the trial court to extend a period which has previously been extended beyond the period originally prescribed if the request is made before the expiration of the period "as extended by a previous order." *Id.*

In *Dougherty v. Sullivan*, 318 Ark. 608, 887 S.W.2d 305 (1994), after filing a complaint, the plaintiff requested an extension of time to obtain service. The trial court granted the plaintiff additional time; however, the plaintiff failed to serve the defendant within the extended time period. *Dougherty v. Sullivan*, 318 Ark. 608, 887 S.W.2d 305 (1994). Then, six months after the extended period for service had expired, the plaintiff sought a second time extension to complete service, and the circuit court extended the time for service. *Id.* This court held that the second extension was invalid. *Id.* In so holding, we reiterated the importance of strict compliance with the service requirements of Rule 4(i):

> It would make no sense whatever to hold that, as long as one extension is obtained within the time set for service, subsequent ones need not be. If that were the case, a plaintiff could be granted extensions even years after the time for service set by the rule or by the court had expired, and that would be contrary to the spirit of the rule as we have interpreted it.

*Id.* at 610, 887 S.W.2d 306. Like the *Dougherty* case, Smith failed to file a motion to extend time for service within the time specified by Rule 4(i) or the court. Smith refiled her complaint against Moncrief on March 3, 2000, and filed an amended complaint that added Sherwood as a defendant on May 19, 2000. Yet, she did not ask for an extension of time to make service until November 15, 2001. This is the exact situation we refused to countenance in *Dougherty* — a plaintiff being granted an extension years after the time for service had expired. Accordingly, based on the language in Rule 4(i) and our cases interpreting that rule strictly, we hold

that a plaintiff cannot use Rule 6(b) to enlarge the time to obtain service when the plaintiff has not complied with the requirements of Rule 4(i); that is, when the motion to extend time for service has not been filed prior to "the expiration of the period originally prescribed or as extended by a previous order." Ark. R. Civ. P. 6(b); *Edwards v. Szabo Food Serv., Inc., supra; see also Holland v. Lefler*, 80 Ark. App. 316, 95 S.W.3d 815 (2003).

 Smith's equitable estoppel argument stems from a decision by the U.S. District Court for the Eastern District of Arkansas interpreting Ark. R. Civ. P. 4(i). *See Eddinger v. Wright*, 904 F. Supp. 932 (E.D. Ark. 1995). In *Eddinger*, the plaintiff served Robert L. Wright instead of Robert A. Wright. *Id.* The federal district court concluded that the answer filed by Robert L. Wright artfully avoided revealing that he was not the operator of the car involved in the accident and that he knew his son (Robert A. Wright) was the person plaintiff intended to sue. *Id.* The court ruled Robert L. Wright's answer to be in violation of Ark. R. Civ. P. 8(b), which requires denials to "fairly meet the substance of the averments denied," and that the plaintiff was deceived into thinking her complaint had been properly served on the correct defendant. *Id.* The court concluded that lack of proper service should be "excused" because of the deceptive answer. *Id.* In contrast with the circumstances present in *Eddinger*, there is no evidence that Sherwood or Moncrief did anything to mislead Smith into believing that she had properly served either party. They merely refused to respond to summonses that Smith herself concedes were deficient.

### III. Strict Compliance in Cases of Default Judgment

 We review a trial court's granting or denial of a motion to set aside default judgment for abuse of discretion. *Tharp v. Smith*, 326 Ark. 260, 930 S.W.2d 350 (1996). In her third point on appeal, Smith argues that the trial court erred in setting aside the default judgment as void. She cites numerous cases from other jurisdictions dealing with "misnomers." She, however, fails to address the incorrect statement in the summonses as to the time in which Moncrief and Sherwood were required to respond. That misstatement alone is sufficient to set aside the

default judgment as void. *See Southern Transit Co., Inc. v. Collums,* 333 Ark. 170, 966 S.W.2d 906 (1998).

While Smith argues otherwise, we agree with the circuit court that *Southern Transit* is controlling. In that case, we explained that Rule 55 was revised so that more cases would be decided on the merits instead of upon the technicalities that often lead to a default judgment. *Southern Transit Co., Inc. v. Collums,* 333 Ark. 170, 966 S.W.2d 906 (1998). We reiterated our holding in *Carruth v. Design Interiors, Inc.,* 324 Ark. 373, 921 S.W.2d 944 (1996), as well as in *Wilburn v. Keenan Companies, Inc.,* 298 Ark. 461, 768 S.W.2d (1989), that default judgments are void *ab initio* due to defective process regardless of whether the defendant had actual knowledge of the pending lawsuit. *Id.* Because the summons in *Southern Transit* did not strictly comply with the technical requirements of Ark. R. Civ. P. 4(b), we agreed that a trial court could have held the default judgment void due to the defective summons regardless of the fact that Southern Transit had actual knowledge of the complaint against it. *Id.*

Once again, the contents of the summonses in this case is not disputed. The summonses did not identify the defendants correctly, and the summonses misstated the time in which an out-of-state defendant is required to respond. Rule 4(b) mandates that the summons contain the names of the parties and state the time within which the defendant is to appear. Ark. R. Civ. P. 4(b) (2002). In *Thompson v. Potlatch Corp.,* 326 Ark. 244, 249, 930 S.W.2d 355, 358 (1996), we held that "the technical requirements of a summons, and compliance with those requirements must be exact." A summons that incorrectly identifies the defendants and misstates the deadline for responding to the complaint does not strictly comply with the service requirements imposed by our rules. Thus, we conclude that the circuit court did not abuse its discretion in setting aside the default judgment as void.

*IV. Constitutionality of Arkansas Rule of Civil Procedure 12(a)*

Rule 12(a) of the Arkansas Rules of Civil Procedure requires a defendant to:

> . . . [F]ile his answer within twenty (20) days after the service of summons and complaint upon him, except when service is upon a non-resident of this state or a person incarcerated in any jail, penitentiary, or other correctional facility in this state, in which event he shall have thirty (30) days after service of summons and complaint upon him within which to file his answer.

Ark. R. Civ. P. 12(a) (2003). In Smith's final point on appeal, she argues that Rule 12(a) violates Article 12, section 11, of the Arkansas Constitution. This argument is used to lend credence to Smith's assertion that the circuit court abused its discretion in setting aside the default judgment. The summons at issue notified the nonresident defendants that they had 20 days to respond to the complaint, whereas Rule 12(a) allows a nonresident defendant 30 days to respond.

 At the outset, Sherwood and Moncrief urge this court not to address the constitutionality of Rule 12(a) because Smith failed to notify the Attorney General pursuant to Ark. Code Ann. § 16-111-106(b) (1987). That statute states:

> In any proceeding which involves the validity of a municipal ordinance or franchise, the municipality shall be made a party and shall be entitled to be heard, and if the statute, ordinance, or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard.

Ark. Code Ann. § 16-111-106(b) (1987). Cases involving the constitutionality of various statutes are cited by Moncrief and Sherwood to support their contention that this court should decline to review the merits of the constitutional challenge. Smith responds that section 16-111-106 does not require notice to the Attorney General in order to challenge rules promulgated by this court. We agree. Section 16-111-106 specifically lists statutes, ordinances, and franchises, but makes no mention of rules. It is therefore not applicable.

Article 12, section 11, of the Arkansas Constitution states:

> Foreign corporations may be authorized to do business in this state under such limitations and restrictions as may be prescribed by law. Provided, that no such corporation shall do any

business in this state except while it maintains therein one or more known places of business and an authorized agent or agents in the same upon whom process may be served; *and, as to contracts made or business done in this state, they shall be subject to the same regulations, limitations and liabilities as like corporations of this state, and shall exercise no other or greater powers, privileges or franchises than may be exercised by like corporations of this state, nor shall they have power to condemn or appropriate private property.*

Ark. Const. art. 12, § 11 (emphasis added). Smith contends that the plain and unambiguous meaning of the word "privileges" encompasses those rights and privileges granted under the rules of civil procedure that govern the courts of this state. We disagree.

When interpreting the constitution on appeal, our task is to read the laws as they are written, and interpret them in accordance with established principles of constitutional construction. *Brewer v. Fergus*, 348 Ark. 577, 79 S.W.3d 831 (2002). It is this court's responsibility to decide what a constitutional provision means, and we will review a lower court's construction *de novo*. *Id.* We are not bound by the decision of the trial court; however, in the absence of a showing that the trial court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Id.* Language of a constitutional provision that is plain and unambiguous must be given its obvious and common meaning. *Worth v. City of Rogers*, 341 Ark. 12, 14 S.W.3d 471 (2000); *Daniel v. Jones*, 332 Ark. 489, 966 S.W.2d 226 (1998). Neither rules of construction nor rules of interpretation may be used to defeat the clear and certain meaning of a constitutional provision. *Daniel v. Jones, supra,* (quoting *Foster v. Jefferson County Quorum Court*, 321 Ark. 105, 108, 901 S.W.2d 809, 810 (1995)).

Looking at the plain language of the constitutional provision at issue, it is clear that the word "privileges" in the provision relates solely to contracts made and business done in this state. Thus, the question is whether giving an out-of-state corporation ten additional days to respond to a complaint amounts to a privilege "as to contracts made or business done in this state." The Arkansas Rules of Civil Procedure "govern the procedure in circuit courts in all suits or actions of a civil nature . . . ." Ark. R. Civ. P. 1 (2003); *see also Citicorp Indus. Credit, Inc. v. Wal-Mart*

*Store, Inc.*, 305 Ark. 530, 809 S.W.2d 815 (1991) (stating sound policy reasons to support giving nonresident defendants ten additional days within which to respond to a complaint). As such, they do not govern contracts made or business done in this state. We affirm the circuits court's order upholding the constitutionality of Rule 12(a).

For the foregoing reasons, we affirm the dismissal with prejudice of Smith's amended complaint against Moncrief, and Smith's fraud claim against Sherwood; but we modify the circuit court's order to reflect that Smith's breach-of-contract claim against Sherwood should be and hereby is dismissed without prejudice.

Affirmed as modified.